UTICA,
July, 1835.

Stokes
v.
The Corpora-
tion of N. Y.

</div>

---

## STOKES & GILBERT *vs.* THE CORPORATION OF THE CITY OF NEW-YORK.

The ordinance of the corporation of the city of New-York, requiring *anthracite* or *hard coal* to be weighed by *weighers* appointed by the corporation, is a valid by-law, not unreasonable or in restraint of trade ; and a penalty imposed for a violation of it may be enforced by action.

A declaration, generally referring to the by-law under which the penalty was claimed, is good in *substance* ; and not having been objected to in *point of form* in the justice's court where the suit was commenced, the objection will not be listened to on a writ of error.

ERROR from the superior court of the city of New-York. The corporation of the city of New-York, commenced a suit in a justice's court against Stokes and Gilbert, to recover a *penalty of five dollars* for a violation of an ordinance of the corporation, requiring *anthracite* or *hard coal* to be sold by weight, and that the same be weighed by *weigh-masters*, not exceeding *six* in number, appointed by the common council, and imposing the above penalty upon any vender of coal who should sell any anthracite or hard coal without being first weighed. The plaintiffs declared in debt for five dollars, for that the defendants did, on the 4th and 5th days of October, 1833, at the city of New-York, sell and deliver from their coal yard in said city one load of anthracite coal without having the same weighed, &c. contrary to the by-law and ordinance of the

mayor, aldermen and commonalty of the city of New-York, duly passed on the 19th October, 1829, and re-enacted, &c. entitled " A law to regulate the sale of anthracite coal." The defendants pleaded the general issue, and the cause was tried by a jury. On the trial, the attorney for the corporation, by consent of the defendants' counsel, read in evidence the by-laws and ordinances of the corporation on the subject, when the defendants' counsel admitted that the defendants did, on the 5th October, 1833, sell and deliver from their coal yard a load of anthracite coal, without having it weighed by one of the weighers of anthracite coal appointed by the common council. The defendants offered to prove that the ordinance was *unreasonable*, it being *impossible* for the limited number of weighers appointed by the common council to weigh all the coal which was sold in the city. This evidence was objected to and overruled. The defendant's counsel then insisted, before the court and jury, 1. That the corporation have no power to pass the by-law in question; 2. That it was contrary to the constitution of the state and of the United States; 3. That it is a violation of the bill of rights; 4. That the power to legislate on the subject could not be delegated to the corporation; 5. That *weigh-masters* are created by an act of the legislature, that the weighers of anthracite coal are not weigh-masters, that the common council have not the power to appoint such weighers, and consequently they are not officers legally appointed; and 6. That the corporation had failed to prove their authority, either by public statute or otherwise. The jury found a verdict for the plaintiffs, on which the justice rendered judgment, which on *certiorari* was *affirmed* in the superior court of the city of New-York. The defendants then sued out a writ of error, removing the record into this court, where they insisted upon the same points raised before the justice, and in addition contended that the *declaration* in the justice's court was insufficient, in not setting forth the by-law under which the penalty was claimed, and the authority of the corporation to adopt such ordinance. The cause was submitted on written arguments by

*H. Brewster*, for the plaintiffs in error.

*T. Phœnix*, for the corporation.

*By the Court*, Savage, Ch. J. It is objected that the declaration is insufficient, because it does not set forth the by-law itself, and the authority by which it was passed. To this it is sufficient to answer, that no objection was made to the declaration before the justice; and as it refers to the by-law as having been passed by the corporation, it is sufficient in substance. The ordinance was produced in evidence without objection, and the law giving the power to appoint weighmasters is a public act. 2 *R. L.* 437, § 238, and 460, § 315.

The appointment of weighers and the law requiring coal to be weighed by them is not a restraint upon trade, but a regulation of it. Neither can it be said to be *unreasonable*. If, as is suggested, the number of weighers was insufficient, the corporation, if applied to, would remove the difficulty by the appointment of an adequate number. If the corporation had no power to *compel the employment* of weighmasters, the appointment of them would be perfectly nugatory. This power is necessarily implied in the power to appoint.

The fees of the weighers are said to be a tax, which cannot be imposed, except by law. Fees are not a tax within the meaning of the act referred to, and are particularly authorized by the statute already quoted. Whether the *penalty* is too high, is certainly not a question for this court. When the plaintiffs below attempt to recover for a great number of penalties in one count, there the case of *The Mayor, &c.* v. *Oldreman*, 12 *Johns. R.* 122, will be an authority in point.

It is unnecessary here to enter into a discussion of the question of the constitutionality of the ordinance, and the law authorizing it. The present case is one clearly within the power of corporate regulation.

Judgment affirmed; single costs.