By the Court, Cowen, J.
The question arises on the forty-second section of the act to incorporate the city of Utica. (Sess. L. of 1832, p. 26.) The act itself imposes certain penalties, and gives power to impose others by corporate laws. These are to be passed by the common council, and are called ordinances, rules, regulations and by-laws. (Id. § 38.) The common council may enforce observance of all rules, ordinances, by-laws and police regulations, by imposing penalties on any person violating them. (Id. § 40.) These are to be published in two city newspapers for three weeks; the papers to be designated by the common council. (Id. § 41.) Then comes the 42d section, providing for the more easy pleading in suits for penalties. It is thus: li All actions brought to recover any penalty or forfeiture incurred under this act, or the ordinances, by-laws or police regulations, made in pursuance of it, shall be brought in the corporate name; and in any such action, it shall be lawful to declare generally in debt for such penalty or forfeiture, stating *302 the section of this act or the by-law or ordinance under which the penalty is claimed, and to give the special matter in evidence ; and the defendant may plead the general issue, and give the special matter in evidence.” The dispute turns on the meaning of the word stating; and Webster’s Dictionary, verb state, is cited, from which it is sought to show that it means to detail. But according to his definition it is not always so. If may mean to set down in gross. Webster, however, is not a very fit authority by which to test the force of the word in a statute concerning pleading. Were t' e pleader put to detail the provisions of the by-law, little or nothing would be gained by the statute, for he was bound to do no more at the common law. The act probably intended that he should refer to the section, and the word referring instead of stating would, in that view have been the more apt expression. In 2 H. S. 395, § 10,2d ed., providing for the more easy declaring on penal statutes in general, the former word is used. Under that act, after naming in general words the subject of the statute, you may stop with numbering the section, as the pleader has done here. That is the usual mode of reference to enactments. In this particular case the act says you may declare generally in debt, stating the section; not the substance or contents r the section. We are of opinion that the word stating must be understood as synonymous with referring. Precautions are taken against the defendant being misled, by the previous sections which provide for publication. Beside, he can have access to the corporate entries.
We were referred to Stokes v. The Corporation of New- York, (14 Wend. 87,) and Harker v. The Corporation of New- York, (17 id. 199;) neither of which, it was admitted, have any direct application. In our construction of the statute in question, they have none. In the first case, no question on the pleadings could arise. The second case discussed the question at common law, by which, no doubt, the plaintiff must declare specially, setting out the by-law and showing that it had been violated.
There must be judgment for the plaintiff.
Ordered accordingly.