## THE STATE *v.* CLARK.

The Legislature may constitutionally authorize a city to enact, and a city may enact an ordinance that " no intoxicating liquors shall be used or kept in any refreshment saloon or restaurant, within the city, for any purpose whatever."

Keeping liquor in a cellar, under a refreshment saloon or restaurant, is a violation of such an ordinance.

APPEAL from the police court of the city of Concord. This case was submitted to the superior court, for the decision of the points arising therein, upon the following agreed statement of facts.

The respondent was convicted and sentenced to pay a fine of five dollars and costs, by the police court of the city of Concord, on the 14th day of December, 1853, upon a complaint that the respondent, at the city of Concord, on the 13th day of December, 1853, " with force and arms did keep in a certain refreshment saloon, situated on the easterly side of Main street, so called, within the city of Concord aforesaid, one barrel of intoxicating liquor, contrary to the form of an ordinance of said city of Concord, in such case made and provided, contrary to the form of the statute," &c., from which sentence the respondent appealed to the court of common pleas, then next to be holden at Concord, within and for said county.

That clause in the city ordinance under which the complaint was made and the conviction had, was as follows:

" Section 2. No intoxicating liquors shall be used or kept in any refreshment saloon or restaurant within the city, for any purpose whatever."

Upon the trial, it was proved that the respondent kept an eating-house in Concord, on the day alleged in the complaint, in which he furnished oysters, &c., to his customers. It was further proved that the officers, on the day alleged, found, in a cellar underneath said eating-house, and accessible from it, one or more casks of intoxicating liquor, belonging to said Clark. It was proved that this liquor had been stored there for some weeks. It was neither alleged nor proved that the respondent had sold any of said liquor, or any intoxicating liquor whatever, either in the cellar or in the eating-house above. But it was contended that the fact that the liquor was found in the cellar, was sufficient to warrant a conviction under the city ordinance, and on this ground alone the court found the respondent guilty.

*Peabody*, for the defendant.

The defendant makes the following points in this case :

1. That the Legislature had no power to enact a law like the ordinance in question.

2. If they had the power, they could not delegate it to the city council of Concord.

3. They did not attempt so to delegate it, in granting the charter of said city.

I. Had the Legislature the power to enact a law that " no intoxicating liquors shall be used or kept in any refreshment saloon or restaurant within the city [of Concord] for any purpose whatever ?"

The constitution of New Hampshire, part 1, art. 11, provides that " every member of the community has the right to be protected by it, in the enjoyment of his life, liberty and property," &c.

Intoxicating liquors are " property " as much as houses and land. Our statutes have always recognized them as

such, and have provided for their sale, under certain restrictions.    Comp. Laws, ch. 123, § 5.

Being "property," every member of the community, who possesses such property, has a right, under the constitution, to be protected in its "enjoyment." The mere possession or keeping of it cannot be, or be made a crime, any more than the possession of a horse or a barrel of flour.

We think it will be found that our Legislature have never attempted to forbid the keeping of liquors or any other "property." They have passed laws regulating its sale, and that is the limit of their power.

The city ordinance prohibits the keeping or use of intoxicating liquors "for any purpose whatever." If the Legislature can prohibit the keeping, they can, doubtless, prohibit the use ; but both are beyond their power.

This court has already intimated their opinion that an act of the Legislature, forbidding the keeping of liquors, would be unconstitutional, in reply to a resolution of the Senate, during the session of November, 1852, requesting their opinion upon the constitutionality of a liquor bill, then pending before them. 5 Foster's Rep. 537 ; *Preston* v. *Drew*, 33 Maine Rep. 561 ; *State* v. *Robinson*, 33 Maine Rep. 572. Suppose the Legislature have the power to prohibit the keeping of liquors for *sale*, of which there is doubt, it by no means follows that they can prohibit the keeping or use "for any purpose whatever." Such a stretch of power was never contemplated by the framers of the constitution.

The reasonableness of this by-law is a question for this court to consider. In *Commonwealth* v. *Worcester*, 3 Pick. 473, *Wilde*, J., remarked : "It was for the court to decide whether the by-law was reasonable or not."

In *Goddard, petitioner*, 16 Pick. 507, 508, the counsel argue and the court discuss the reasonableness of a certain by-law. So in Ang. & A. on Corp. § 336, and in most of the cases cited by the counsel for State.

II. If the Legislature had the power to enact such a law, could they delegate it to the city council of Concord.

The cases cited by counsel, in support of the doctrine that they can so delegate their power, do not seem, to us, at all to sustain it.

In support of the contrary doctrine, we cite *Commonwealth* v. *Turner*, 1 Cush. 495. If they may delegate their power in this matter, they may in any other, and the city council will then assume and perform all the functions of a legislature.

III. Did the Legislature attempt to delegate this power to the city council? They authorized the city council to " make by-laws relative to licensing and regulating   *   *   * common victuallers," &c., " and may make any other by-laws and regulations which may seem for the well-being of said city, provided they be not repugnant to the constitution or laws of New Hampshire," &c.

Now, Comp. Laws, ch. 123, § 5, authorizes certain licensed persons to sell liquors, without limit, as to the place where they shall be sold, whether at a druggist's, a tinman's, a hatter's, a hotel, or a restaurant.

The city ordinance forbids the keeping in a restaurant " for any purpose whatever;" and as by the statute a licensed person may keep his liquors in a restaurant, if he choose, this by-law is repugnant to the statute, and, therefore, void.

We suppose it is a true rule of construction, that when certain specific powers are given on certain subjects, and afterwards general powers are given to make any other by-laws for the well-being of the city, that this is no enlargement of the powers first conferred, as to the subjects named.

Now chapter 358, section 17, paragraphs 4, 5 of the Pamphlet Laws, provide for the making of by-laws in relation to ardent spirits and intoxicating liquors, but confer no such power as that claimed in this case. The city council are there told what they may do in relation to regulating the sale of liquors, and they can do no more. The sweeping

clause that follows, in a subsequent part of the charter, that they " may make any other by-laws," &c., gives them no additional authority on this subject.

*George & Foster*, for the State.

The Legislature has the power, under the constitution, to prohibit the keeping of intoxicating liquors in a refreshment saloon.

By section 5, part 2 of the constitution of this State, the Legislature is empowered to make, ordain and establish all manner of wholesome and reasonable orders, laws, &c., so as the same be not repugnant or contrary to the constitution, as they may judge for the benefit and welfare of this State. Under this clause in the constitution, and similar clauses in the constitutions of other States, laws regulating and prohibiting the sale of spirituous liquors, and the keeping of taverns and places of amusement, eating-houses, &c., have been held to be constitutional. *Pierce* v. *The State*, 13 N. H. Rep. 536; *Thurlow* v. *Massachusetts*, 5 Howard's U. S. Rep. 504; *Fletcher* v. *Rhode Island*, Ib.; *Pierce* v. *New Hampshire*, Ib.; *City Council* v. *Rogers*, 2 McCord 495; *Stokes* v. *Corporation of New York*, 14 Wend. 87; *Mayor* v. *Yuille*, 3 Ala. Rep. 137; *The State* v. *Muse*, 4 Dev. & Batt. 319; *Mabry* v. *Tarver*, 1 Humph. 94; *Biddle* v. *Commonwealth*, 13 Serg. & Rawle 405; *Mayo* v. *Nelson & a.* 1 N. H. Rep. 53; *The State* v. *Moore*, 14 N. H. Rep. 45.

If the Legislature have the power to prohibit and to license the keeping of refreshment saloons, this power would seem necessarily to involve the right to prohibit the keeping of any obnoxious articles within such saloon, the greater power of prohibiting altogether, necessarily involving the less power of partial prohibition. And the superior court will not judge of the reasonableness, propriety or expediency of any law passed by the Legislature, under the power given by the above clause, but will only determine whether or not

it is repugant to the constitution. *Dartmouth College* v. *Woodward*, 1 N. H. Rep. 121.

The Legislature had the constitutional power to confer upon the city government the right to make the ordinance in question. *Republic* v. *Duquet*, 2 Yates 493 ; *Goddard, petitioner*, 16 Pick. 504; *Commonwealth* v. *Worcester*, 3 Pick. 462; *Wadleigh* v. *Gilman*, 3 Fairf. 413.

This power is conferred by the clause in the act of incorporation of the city of Concord, providing that the city council shall have power to make by-laws relative to licensing and regulating porters, cartmen or truckmen, butchers, petty grocers or hucksters, pedlers, hawkers and common victuallers, under such restrictions and limitations as to them shall appear necessary, and to make any other by-laws and regulations which may seem for the well being of the city, provided they be not repugnant to the constitution or laws of New Hampshire, which by-laws shall take effect and be in force from the time therein limited, without the sanction or confirmation of any other authority whatever. *Wadleigh* v. *Gilman*, 3 Fairf. 403.

The circumstance that the liquor, in this case, was kept in the cellar, merely raised the question of fact, which was settled in the court below, whether or not the cellar in question constituted part of the saloon; and involves no question of law.

GILCHRIST, C. J. The city ordinance prohibits the using or keeping intoxicating liquors, in any refreshment saloon or restaurant, only. It does not prohibit the using or keeping elsewhere, but it selects places of a certain class, and prohibits their use in such places. There is nothing unreasonable in such an exercise of the judgment of the city authorities. The ordinance does not profess to prohibit either the use or the sale of liquors altogether. From motives arising out of a regard for public policy or morals, it declares that liquor shall not be kept in such places. It is,

in fact, a sumptuary law, which goes no further than almost any laws of this description, nor is it any more stringent than many other laws which are enacted from a regard to the public peace and safety. By chapter 112, sections 1 and 2 of the Revised Statutes, the keeping of gunpowder, in the compact part of any town, in a greater quantity than twenty-five pounds, is prohibited. There is also a provision in the Revised Statutes, ch. 118, § 9, prohibiting sales, &c., within two miles of places of meeting for religious worship.

In the case of *Heisembrittle* v. *City Council of Charleston*, 2 MacMullen 233, the council had passed an ordinance prohibiting shopkeepers, unless licensed, from keeping any spirituous liquors in their shops, or in any adjacent room; and a process was issued against the plaintiff for a violation of it. It was held by the court, (*Earl*, J.,) that there was nothing in the constitution of the State or of the United States, restraining the Legislature from passing a general law like that under consideration, or from granting the power to do so to municipal corporations.

By the act of 1783, 7th Stats. 98, the City Council of Charleston were vested with the power to pass " every by-law or regulation that shall appear to them requisite and necessary for the security, welfare and convenience of the said city, or for preserving peace, order, and good government within the same." The ordinance provides that no persons, owning or keeping a retail grocery store within the city, &c., not having a license, &c., shall be permitted to keep in such shop, or in any room adjacent thereto, or on the premises connected with such shop, any wine, malt or spirituous liquors. It was said by the court that " the general powers of legislation, on all matters connected with the security, welfare and convenience of the city, or for preserving peace, order and good government within the same, are sufficiently comprehensive to cover the ordinance in question." The appeal of the plaintiff was, therefore, dismissed.

This case has a very strong resemblance to the one now

The State *v.* Clark.

before us, and confirms the views taken by the court upon the question submitted.

In the case of *Stokes* v. *The Corporation of New York,* 14 Wend. 87, the ordinance of the corporation required anthracite or hard coal to be sold by weight, and that it should be weighed by weighing-masters, not exceeding six in number, appointed by the common council; and it imposed a penalty upon any vendor of coal who should sell any anthracite or hard coal without being first weighed. A suit was brought to recover the penalty, and upon a writ of error from the superior court, for the city, it was contended by the plaintiffs in error that the ordinance was unconstitutional, and that the power to legislate on the subject could not be delegated to the corporation. It was held by the court that the appointment of weighers, and the law requiring coal to be weighed by them, was not a restraint upon trade, but a regulation of it, and that it was not unreasonable, because if the number of weighers was insufficient, as was suggested, the corporation could remove the difficulty by the appointment of an adequate number, and that the case was one clearly within the power of corporate regulation, and that it was unnecessary to discuss the question of the constitutionality of the ordinance and the law authorizing it.

There is, also, another question in the case.

It appears that the saloon complained of was in a cellar under the building. The words of the ordinance are "refreshment saloon or eating-house." These may as well be in one story as another, in the cellar, under the building, as in the attic, at its top. It is enough if the liquors are kept in such places as those described, wherever they may be; and the law is equally violated, whether the whole building or any part of it, was appropriated to such purposes, and the cellar is as much a part of the eating-house as any other portion of the building. The judgment of the police court must, therefore, be affirmed.