## CHARLES GAINES et al. VS. MILTON COATES.

1. COTTON WEIGHER: *"Planters Cotton Press, Storage and Transfer Association of Vicksburg."*  *Powers conferred by charter.  Power of the legislature or municipal corporations to regulate trade.*

   The legislature has the right to subject persons and property to restraints, in order to secure the general comfort, health and prosperity of the state; ordinances regulating the traffic in all kinds of products are common to all cities, and equally common to prohibit the sale of these commodities, except upon the certificate of weight, according to public scales.  Laws requiring articles to be inspected, or weighed and measured before being sold, are in the nature of police regulations, and are valid, in the absence of special constitutional provisions, and if reasonable, are not a restriction on trade.

2. SAME: SAME:  *Act incorporating the Planters Cotton Press, etc., Association; act of April 6, 1871, construed.*

   The act of April 6, 1871, does not confer upon the association an exclusive privilege to weigh cotton; nor is there a word in the whole charter, indicating an intention to confer such a right.  Extraordinary authority can only be conferred upon a corporation by express words; it will not be implied.  A corporation, created by statute, possesses only those powers which the charter confers upon it, either expressly or as incidental to its very existence, and so necessary to the enjoyment of some special grant, that without it, that right would fail. ·

3. SAME: SAME:  *Monopoly.*

   To create a monopoly, there must be an express provision in the act or charter, whereby the legislature restrains itself from granting charters for rival or competing works, and it can never be presumed that the government intended to diminish its power of accomplishing the end for which it was created.  The state ought never to be presumed to surrender this power, because, like the taxing power, the whole community have an interest in preserving it undiminished.

APPEAL from the Chancery Court of *Warren* County.

Hon. E. HILL, Chancellor.

The opinion of the court contains a very full statement of the facts and quotations of the statutes involved in this case.

The error assigned is as follows:

" The court erred in refusing to dissolve the injunction granted

therein, and in retaining and continuing the same as stated in the order and decree, November 10, 1873. Said injunction should have been dissolved and the rights of the appellants established in conformity with the allegations of their answer filed in the court below."

*W. L. Nugent,* for appellants:

Cited Raleigh *v.* Sorrell, 1 Jones (N. C.), 49; Hesketh *v.* Braddock, 3 Burr., 1847; London *v.* Compton, 7 Dowl. & R., 597; Shaw *v.* Pope, 2 Barn. & Adolph., 465; Henry Vandine, Pet'r, 6 Pick., 190; Sargent *v.* Franklin Ins. Co., 8 id., 96; Dunham *v.* Trustees Rochester, 5 Cow., 462; Stokes *v.* Corp. N. Y., 14 Wend., 89; Kennebec R. R. Co. *v.* Kendall, 31 Me., 477; Act April 6, 1871.

*A. M. Lea,* for appellees:

Cited and commented on the following authorities: Act of February 15, 1839; Act of July 21, 1870; Act of March 25, 1872; Act of April 12, 1873. Police Power. See 16 Wall., 62; 7 Cush., 84; Guillotte *v.* New Orleans, 12 La., 432; Collins *v.* Louisville, 2 B. Monr., 134; Nightingale's Case, 11 Pick., 168; Buffalo *v.* Webster, 10 Wend., 99; Stokes *v.* New York, 14 id., 87; Raleigh *v.* Sorrell, 1 Jones (N. C.), 49; Paige *v.* Fazackerly, 36 Barb., 392; Frazier *v.* Warfield, 13 Md., 279; Gass & Vestal *v.* Greenville, 4 Sneed, 62; Vanderbilt *v.* Adams, 7 Cow., 349; Dill. on Mun. Corp., 323; Cooley Const. Lim., 596; 15 N. Y., 544; 36 id., 285. Appellant's Charter. See Thorpe *v.* R. & B. R. R. Co., 27 Vt., 149; 3 Pars. on Cont., 535 and 545; Cooley Const. Lim., 280, 283-4; Hartford Bridge *v.* Hartford, 10 How., 511; 27 Vt., 140; 32 Barb., 163; Cooley Const. Lim., 574-6; 41 Miss., 27; 5 Pet., 514; 11 id., 420; 6 How., 532; 13 id., 81; 16 Vt., 446; 6 Paige, 554; 11 Leigh, 42; 1 Barb. Ch., 547; 3 Sandf. Ch., 625; 10 Gill & Johnson, 392; 9 Ga., 359; 21 Vt., 500; 17 Cow., 40, 454; 6 How., 832; Cooley Const. Lim., 514; 2 Story Eq., 59, 853; Eden on Inj., 42.

TARBELL, J., delivered the opinion of the court.

Bill by the cotton weigher of the city of Vicksburg against

" The Planters Cotton Press, Storage and Transfer Association," for an account, and to enjoin the company from weighing cotton. Upon bill, answer, exhibits and depositions offered by the respondents, the chancellor made the following order, to wit: "This cause coming on to be heard on the motion to dissolve the injunction heretofore granted herein, upon the amended bill and amended answer, and the depositions offered by defendants in support of said motion, it is ordered and adjudged, that said injunction be retained and continued until the further order of this court, so modified as to enjoin and restrain said defendants and their agents from proceeding further in the business of weighing cotton under any assumed right or claim, thereby to discharge the owners or holders of the cotton weighed by them from any obligation to have the same weighed by complainant, also from inciting or encouraging persons (either by public advertisement or otherwise) having cotton subject to official weighing, to avoid or neglect such weighing by complainants." From this order the present appeal was prosecuted. The refusal to dissolve the injunction is the only error assigned. The bill avers that the complainant " is the incumbent of the office of cotton weigher of the city of Vicksburg, an office created by the laws of the state of Mississippi ; that by sec. 23 of an act to revive and amend the charter of the city of Vicksburg, approved April 12, 1873, it is made the duty of (complainant), as said cotton weigher, to weigh, or cause to be weighed under his directions and authority, all cotton sold in the city of Vicksburg, in accordance with such regulations as the board of mayor and aldermen may by ordinance prescribe, and by the same section of said act, he is allowed a fixed compensation for his services as said public officer ; that the mayor and aldermen have, by an ordinance of said city, provided, that after its passage, it shall not be lawful for any merchant or other person to weigh any bales of cotton, with a view to purchase the same, or to purchase any bale or bales of cotton having been weighed in said city by any other person other than the city cotton weigher, and by the same ordinance all persons

are prohibited from refusing to said officer the privilege of weighing any bale or bales of cotton sold or offered for sale in said city." A copy of the ordinance, referred to and quoted in the foregoing extract from the bill, is furnished as an exhibit thereto. The bill charges the defendant with weighing cotton for sale in Vicksburg, without first having it weighed by complainant; with claiming that such weighing renders unnecessary the weighing by complainant; with enticing all persons having baled cotton for sale in Vicksburg to deliver it to defendants, pretending to such persons that they have full right to weigh the same, and that it is not necessary for the cotton weighed by them to be weighed by the city cotton weigher; that the defendants wrongfully deprived complainant of fees to which he is entitled; that complainant has no means of stating the amount of cotton weighed by defendants; demands that defendants answer as to the number of bales weighed by them; prays for an account and perpetual injunction.

The answer admits the weighing as charged, but derives a right so to weigh under the charter of The Planters Cotton Press and Storage Association, approved April 6, 1871; and charges that the laws and ordinances under which complainant asserts his right are unconstitutional and void, because in violation of that clause of the constitution of the United States which prohibits any state from enacting any law impairing the obligation of contracts; that said laws and ordinances are unconstitutional and void, because in violation of sec. 20, art. XII of the constitution of Mississippi, which provides that "taxation shall be equal and uniform throughout the state," and that all property shall be taxed in proportion to its value, to be ascertained by law; that the claim of the city weigher is an injury to defendants and a restraint upon trade, and that the laws relied upon by complainant are "class" legislation.

Upon an examination of this case, it is not discovered to possess any new or peculiar feature. Like legislation and 'adjudications are found in most of the states, if not in every state in the union.

On the one side, it is urged, the legislation on which complainant relies is in restraint of trade, and on the other, that it was necessary to protect producers against fraud and imposition.

This legislation is within the police power of the state, by which, says REDFIELD, Ch. J., in Thorpe v. The R. & B. R. R. Co., 27 Vt., 140, "persons and property are subjected to all kind of restraints and burdens in order to secure the general comfort, health and prosperity of the state; of the perfect right in the legislature to do which, no question ever was or, upon acknowledged general principles, ever can be made, so far as natural persons are concerned; and it is certainly calculated to excite surprise and alarm that the right to do the same in regard to railways should be made a serious question."

Ordinances regulating the traffic in all kinds of products are common to all cities, and equally common to prohibit the sale of these commodities, except upon the certificate of weight according to public scales. Yates v. City of Milwaukee, 12 Wis., 673. This is almost literally parallel with the case at bar; that involved the power of the city by ordinance to regulate the sale of hay, and prohibiting its sale except upon certificate of weight by a city weigher. The hay was weighed upon the scales of a city mercantile firm, whose certificate the party held when offering the hay for sale. The city weigher was entitled to a fee of twelve cents. The owner of the hay refused to have his hay weighed on the city scales, and denied the validity of the ordinance making such a rule. The regulation was sustained by the courts. Similar cases have arisen in nearly all the large cities of the country sustained and defended substantially by the same arguments employed in the case at bar, and with the result as in the case last cited. Raleigh v. Sorrell, 1 Jones (N. C.), 49, involved the right to sell sheaf oats in defiance of an ordinance requiring them to be weighed on city scales. Stokes v. New York, arose under an ordinance regulating the sale of coal, with reference to which the court say: "The appointment of weighers, and the law requiring coal to be weighed by them, is not a restraint upon trade,

but a regulation of it; neither can it be said to be unreasonable."
Judge Dillon, in his work on municipal corporations, vol. 1, sec.
323, says : " Laws requiring articles to be inspected or weighed
and measured before being sold are in the nature of police regu-
lations, and are valid in the absence of special constitutional pro-
visions. When reasonable in their nature, they are not regarded
as being in restraint of trade." Numerous illustrations of the
subject of the operation of this police power are furnished in the
work just cited, and by the authorities referred to therein.
Further illustrations and authorities are found in Cooley's Const.
Lim., ch. 16. To such an extent was the creation of these special
offices carried in New York that a provision altogether prohibit-
ing them was incorporated in the revised constitution. In the
case at bar, the regulation under which the complainant claims
does not appear to be unusual, but, on the contrary, common, nor
its exercise exceptional. If class legislation is unnecessary and
for personal or partisan purposes, the correction is with the peo-
ple, by an appeal to the legislature or through the ballot boxes,
and, failing there, then by an amendment of the organic law. It
only remains to notice some of the points of defense : 1. The re-
spondents, an incorporation, claim, by their charter, the right to
weigh cotton, to the exclusion of the city weigher. By sec. 10
of the charter it is enacted, " that a majority of the board of di-
rectors shall be fully authorized to do and perform all and every
act and thing necessary for the business of the association, the
protection of its rights and the prosecution of its interests." The
15th sec. is as follows : " That said association shall at all times
keep for their purposes and for the further security of persons
having cotton in store with them, a Fairbanks Scales, with
capacity to weigh at least two thousand pounds, duly sealed by
an officer authorized to perform said duty." Upon these two sec-
tions, the association claims a vested right to weigh cotton, and a
contract with a state to that effect, excluding forever all right of
appeal. The association was incorporated by act of the legisla-
ture, approved April 6, 1871, under the name and style of " The

Planters Cotton Press, Storage and Transfer Association of Vicksburg."

Manifestly, from the whole charter, the tenth section above quoted has reference only to the declaration of the number of directors authorized to transact business in the absence of the whole; or in other words, the section defines the number of directors constituting a quorum for the transaction of business, and not to the rights granted to the association.   And, certainly, the right claimed is not conferred by the fifteenth section, nor is there a word in the whole charter indicating an intention to confer that right.

But, upon these two sections, the courts are asked to hold, that the charter of the association grants a vested right which, in effect, amounts to an alienation of sovereignty.   It must be to this extent to be available to defeat the claim of the complainant. Some of the best authorities are advancing and declaring the inalienability of sovereignty by legislation, even by express words. In Thorpe *v*. R. & B. R. R. Co., *supra*, the court say : " We think the power of the legislature to control existing railways in this respect, may be found in the general control over the police of the country, which resides in the law-making power in all free states, and which is by the fifth article of the bill of rights of this state, expressly declared to reside perpetually and inalienably in the legislature, which is, perhaps, no more than the annunciation of a general principle applicable to all free states, and which cannot, therefore, be violated so as to deprive the legislature of the power, even by express grant, to any mere public or private corporation."   See also, to the same effect, cases cited in note 2, *596, Cooley's Const. Lim.   Extraordinary authority can only be conferred upon a corporation by express words, it will not be implied.   Long Island Railroad Co., 19 Wend., 37.   If, however, the general rule is, as stated by counsel, that the right set up by the association herein can be implied only, when the language of the act is so plainly indicative of the legislative intent as to admit of no other construction, or if such intention must plainly appear,

the right claimed by the respondent is without foundation. Cooley, 198; Dillon, § 22 and notes. But the pertinent rule upon this branch of the case is found in McIntyre v. Ingraham, 35 Miss., 25, wherein it is declared, that a corporation created by statute possesses only those powers which the charter confers upon it, either expressly or as incidental to its very existence, citing Dartmouth College v. Woodward, 4 Wheat., 636; and in order to derive a power in a corporation by implication, it must appear that the power thus sought to be implied is so necessary to the enjoyment of some specially granted right, that without it, that right would fail. Dillon, § 55 and notes.

Grants of exclusive privileges, being in derogation of public rights belonging to the state, or to its citizens generally, must be construed strictly. M. B. Co. v. The U. & S. R. R. Co., 6 Paige, 554. The Compress Company does not claim an exclusive privilege as to all cotton sold in the city of Vicksburg, but it claims the exclusive privilege and vested right of weighing all cotton delivered to it for that purpose.

To give a monopoly, there must be an express provision in the act or charter whereby the legislature restrains itself from granting charters for rival or competing works. Tuckahoe C. Co. v. T. R. R. Co., 11 Leigh, 42. In The Charles River Bridge v. The Warren Bridge, 11 Pet., 420, the court say: "The object and end of all government is to promote the happiness and prosperity of the community by which it is established, and it can never be assumed that the government intended to diminish its power of accomplishing the end for which it was created. * * A state ought never to be presumed to surrender this power, because, like the taxing power, the whole community have an interest in preserving it undiminished. Courts adopt a strict rather than a liberal construction of powers. 1 Dillon on Municipal Corps., § 55, note; Leonard v. Canton, 35 Miss., 189. Any ambiguity or doubt arising out of the terms used by the legislature must be resolved in favor of the public. Minturn v. Larue, 23 How., 435. Public grants are to be construed strictly. 11 Pet., 420. Cotton

weigher for the city of Vicksburg originated in 1839, revived and continued in 1870, with modifications in 1872–3. The charter of the Compress, Company was approved April 6, 1871; the objects and purposes of the association are declared in section three: " That said association shall be authorized to conduct and perform a general storage business; receive in store all kinds of goods, wares and merchandise, press and compress cotton; transfer, transport and deliver the same at such times and places and upon such terms and conditions as may be agreed upon with the owners thereof, and do such other things as may come within and be necessary to transact such business." The tenth and fifteenth sections have been heretofore quoted. Neither in its letter, nor by fair intendment of its several provisions, does the charter confer upon the association a vested and exclusive right in the weighing of cotton. But an intention to confer such right is negatived by the legislation upon which complainant relies. The case at bar may, perhaps, be illustrated by that of the M. B. Co. v. The U. & S. R. R. Co., 6 Paige, 554, wherein it was held, that the grant of a corporation of the right to erect a toll bridge across a river without any restriction as to the right of the legislature to grant a similar privilege to another does not deprive a future legislature of the power to authorize the erection of another toll bridge across the same river, so near to the first as to divert a part of the travel which would have crossed the river on the first bridge, if the last had not been erected.

In the case under consideration, the act of incorporation of respondents contains no terms of monopoly or exclusive rights, nor of restriction upon future legislation, save as to the duration of the charter. Thompson v. The N. Y. & H. R. R. Co., 3 Sand. Ch., 625, is of a similar character to the case last cited. The fee allowed to the cotton weigher is not a tax within the twentieth section of article twelve of the constitution of the state referred to in the answer. This has been repeatedly adjudicated. Stokes v. N. Y., 14 Wend., 87; Raleigh v. Sorrell, 1 Jones, 49. In any point of view, from which this case may be considered, the respondents,

under their charter, possess no rights superior to those of the city cotton weigher under the acts and ordinances creating that office.

Decree affirmed, and cause remanded for further proceedings.