PLANTERS' COMPRESS ASSOCIATION VS. THOMAS J. HANES, Cotton Weigher, etc.

1. COTTON WEIGHER: *Injunction. Case in judgment.*
H. was elected city cotton weigher of Vicksburg in September, 1874, under an ordinance of the city council making it unlawful for any one but the city weigher to weigh cotton in the city, passed in 1865. Shortly after his election the legislature abolished the office and provided for the election of a cotton weigher for the county, to be elected by the voters of the county at the next general election. There was no weigher elected under this act till November, 1875, at which time H. was elected, and qualified in January, 1876. The plaintiff in error having exercised the right to weigh cotton, H. filed a bill praying for an injunction restraining it from so doing, for a discovery and an account. *Held*, that there was no city cotton weigher in Vicksburg from December, 1874, until January, 1876; that from September, 1874, until December, 1874, H. was the cotton weigher of the city, and had the exclusive right to weigh all cotton weighed in the city, and all persons who interfered with his rights were liable to an action at his instance, but that he was not entitled to an injunction, because at the date of the filing of his bill the act of 1874 had taken effect, and the business of weighing cotton was free to all; that he was not entitled to a discovery or an account because his claim against defendant does not arise *ex contractu*, but sounds wholly in damages; that it is

not liable to him for the sums of money received from weighing cotton, but for damages sustained by reason of such unlawful weighing, and that a court of equity has no jurisdiction of such a claim; his remedy is by an action on the case at law.

APPEAL from the Chancery Court of *Warren* County.

Hon. U. M. YOUNG, Chancellor.

The facts sufficiently appear in the opinion of the court.

*Catchings & Ingersoll*, for appellant.

*Shelton & Lee*, for appellee.

CHALMERS, J., delivered the opinion of the court.

Hanes filed his bill in chancery court of Warren county, alleging that he was the official cotton weigher of the city of Vicksburg, and as such entitled to a monopoly of the business of weighing cotton therein; but that defendant (appellant), disregarding his rights in this regard was, and had been for a long time, engaged in said business, and by advertisements and otherwise was falsely declaring that there was no obligation upon parties offering cotton for sale in said city to have the same weighed by complainant, and was thereby greatly damaging him.

The prayer was for an injunction restraining defendant from a continuance in making said representations or committing said acts, and also for a discovery of the number of bales which defendant had weighed and for an account of the same, and for a decree against it for the amounts received by it from said unlawful weighing.

Defendant demurred, which being overruled, it brings the case here by appeal.

The principal questions involved are as to complainant's right to the office, and whether, by the charter and ordinances of the city, there was conferred upon the cotton weigher thereof a monopoly of the business therein of weighing, for compensation, all cotton brought to market and offered for sale.

Complainant was elected by the qualified voters of the city

in August, 1874, and was installed in office on 2d of September of said year.

. Less than four months thereafter an act of the legislature took effect abolishing all laws authorizing and creating the office of cotton weigher of the city of Vicksburg, and directing that at the next succeeding general election an officer should be elected by all the qualified voters of Warren county, who should henceforth occupy said position and perform its duties. This law had been passed by the legislature in January, 1874, previous to complainant's election, and, in contemplation of the then ensuing city election, it provided that the person to be so chosen at said election should act under the new law until the first county election, at which time his successor would for the first time be elected, under said law, by the voters of the entire county.

But the governor failed to sign the bill, and consequently it only became a law, by constitutional limitation, at the next session of the legislature, to wit, on 21st of December, 1874.

There was no election of a cotton weigher by the voters of the city thereafter, and therefore there was no officer to whom the provision, relative to the holding over of the person to be chosen at the next city election, could apply.

At the next county election, to wit, on November 2, 1875, complainant was elected by the voters of the county, and qualified under such election, with the other county officers, on 1st January, 1876 ; but as the act under which he was thus elected clearly gives him no monopoly of the business of weighing cotton in the city, his present incumbency cuts no figure in the case.

We conclude, therefore, that there was no cotton weigher in the city of Vicksburg from the 21st of December, 1874, until complainant's qualification in January, 1876, but that complainant was the lawful cotton weigher of said city from his election by the voters of the city until the office to which he was then chosen was abolished—that is to say, from the 2d September, 1874, to the 21st December of same year, some-

thing less than four months. Was he during that period entitled to a monopoly of the business of weighing cotton, for compensation, in the city of Vicksburg? In November, 1865, the mayor and council of the city passed an ordinance declaring that it should thereafter be unlawful for any person to weigh any cotton therein, with a view of buying the same, or to purchase any cotton which had been weighed by any other person than the city weigher, and denouncing a severe penalty upon any person who should violate this provision, or who should refuse to allow the city weigher to weigh their cotton. This ordinance was, at the time of its enactment, of questionable legality. There was no general law of the state which authorized it, nor any clause of the city charter under which it can possibly be defended, unless under the power "to regulate the market and appoint proper officers and rules therefor," and "to regulate and enforce the proper weights and measures." These words, we think, relate to the opening and controlling of a city market, where should be exposed to sale articles of food for daily consumption, and do not authorize so serious an infringement of the liberties of the citizen as the prohibition of the right to weigh his own or his neighbor's cotton when offered for sale. But on 25th March, 1872, the legislature passed an act entitled "An act to amend the charter of the city of Vicksburg in relation to the weighing of cotton by the city weigher," in which the rights of that officer were not only recognized, but enlarged, and still heavier penalties were denounced against those who infringed upon his rights. By this act, under severe penalties, all cotton was compelled to be weighed by the city weigher when brought into the city, whether brought there for sale or for shipment. So far from regarding this as a legislative repeal of the city ordinance of November, 1865, as argued by counsel for appellant, we look upon it as a legislative recognition and sanction of that ordinance, and as having the effect of making valid from that time that which was before of doubtful validity. It repealed none of the provisions of the ordinance, but, on the

contrary, breathed vitality into them, and extended their operation and increased their penalties.

On 12th of April, 1873, the legislature passed "An act to revise and amend the charter of the city of Vicksburg," which constituted, practically, a new charter for the city, but repealed only former laws inconsistent with its provisions. By its 23d section the office of cotton weigher is recognized as an existing office, and it is declared to be the duty of the incumbent " to weigh all cotton brought to the city." While there are no words clearly declaratory of an intention to give him a monopoly, and no penalties denounced against other persons engaging in the business, there are none expressly negativing the idea of a continuance of the monopoly granted by former laws and ordinances. The act of 1872, therefore, was not repealed by the new charter, and the ordinance of 1865 is expressly preserved by the 26th section thereof, which provides that " all ordinances in force in said city of Vicksburg, adopted in pursuance of any preceding charter of said city, and not in conflict with this act, are hereby continued in full force and operation until altered, amended, or repealed, as by law provided."

The ordinance of 1865, rendered valid by the act of 1872, being in force at the date of the adoption of this charter, continued in force until repealed by the act of 21st of December, 1874, and was, therefore, in full operation during complainant's incumbency previous to that time.

This view of the subject renders it unnecessary to pass upon the question argued by counsel as to the constitutionality of the provision of the charter of 1873 requiring the cotton weigher to pay into the city treasury 5 cents per bale for every bale of cotton weighed by him, which it is urged is a tax upon cotton, and, not being *ad valorem*, is to be deemed unconstitutional.

We have announced that complainant was entitled to a monopoly of the business of weighing cotton in the city of Vicksburg during the short period that intervened between

his first election and the time when the act of 1874 became operative, and all persons, therefore, who interfered with his rights are liable to an action at his instance. The present proceeding, however, cannot be maintained. It prays three distinct measures of relief, an injunction, a discovery, and an account. He is not entitled to an injunction because at the date of the filing of his bill the act of 1874 had taken effect, and his exclusive right to weigh cotton in Vicksburg had ceased, and that business had become free to all. He is not entitled to a discovery or an account because his claim against defendant does not arise *ex contractu*, but sounds wholly in damages.

There is no privity between him and it. He could not maintain against it an action of assumpsit or for money had and received. He is not entitled to recover from it the sums of money which it has derived from the weighing of cotton, but to recover the damages sustained by reason of such unlawful weighing on its part. A court of equity has no jurisdiction of such a claim, and can award neither a discovery nor an account in furtherance of it. For the recovery of his damages he must bring his action on the case in a common law court. 3 Edw. Ch., 110, 2 Story's Eq. Jur., 794, *et seq.*

Under our statutes (Code, § 757) authorizing him to put his adversaries on the witness-stand, with the power to compel them by *subpœna duces tecum* to produce their books in court, he should have no difficulty in arriving at a proper standard for the measurement of his damages, and is left without excuse for invoking the aid of a court of chancery. A case very similar to this, and in part between the same parties, has been heretofore before us, and is reported in 51 Miss., 335; but the questions there discussed are entirely different from those now involved.

Decree reversed and bill dismissed.