WINSTON D. MILLER v. WINSTON COUNTY WAREHOUSE
COMPANY.

### [47 South. 501.]

OFFICIAL COTTON WEIGHER.    *Winston County.*    *Laws 1906, ch. 227, p. 269.*
*Injunction.*

Under Laws 1906, ch. 227, p. 269, creating the office of cotton weigher
for Winston county, a person elected to the office cannot restrain
a warehouseman from having cotton received in the course of his
business weighed by a private person, nor can he recover dam-
ages from the warehouseman for urging others not to have cot-
ton weighed by him.

FROM the chancery court of Winston county.

HON. JAMES F. McCOOL, Chancellor.

Miller, appellant, was complainant in the court below, and the
Winston County Warehouse Company, the appellee, a corpora-
tion, was defendant there. From a decree in favor of defendant
the complainant appealed to the supreme court.

The appellant's bill alleged that he was the regularly elected
and duly qualified cotton weigher of Winston county; and that
the defendant, a corporation engaged in the business of acquir-
ing and storing cotton, constantly weighed cotton of its different
customers and charged a certain sum for so doing, to the great
prejudice of the complainant whose compensation being depend-
ent upon the number of bales weighed by him, was greatly af-
fected and reduced, since, on the defendant's weighing such cot-
ton, the complainant did not get the opportunity to weigh it at
the statutory charge. The prayer of the bill was that the defend-
ant should be enjoined from weighing the cotton of its custom-
ers and charging a fee or compensation for doing so. The de-
fendant demurred to the bill, and its demurrer was sustained.

*Rodgers & Brantley,* for appellant.

The office of county cotton weigher, under Laws 1906, ch.
227, is required to be filled through an election like other public

offices.    The elected county cotton weigher must enter into proper bond and take the oath prescribed by law, and he is empowered under section 2 of the statute to appoint all deputies necessary to weigh the cotton in the county.    Certainly an office created by statute and whose duties and compensation are fixed by the mandatory terms of the statute should not be robbed of its emoluments either directly or indirectly.    *State v. Carr,* 28 Am. St. Rep. 163; *Bates v. St. Louis,* 77 Am. St. Rep. 702; *Shelby v. Alcorn,* 36 Miss. 273.

The exclusive right of the cotton weigher of the county to charge a fee of ten cents per bale for weighing all of the cotton sold in the county is fixed by law, and there is nothing in the third section of the Act of 1906 in question which can affect this.

Of course, any individual has the legal right to withhold his cotton from the county weigher and have some other person than the county cotton weigher weigh it.    But if any one else than this officer charges for weighing the cotton in the county, the officer is still entitled to his commission.    Under the statute, only the county cotton weigher can legally charge for weighing cotton sold in and shipped from villages and towns of the county. This is not unconstitutional.    *Attorney-General v. Joachim,* 41 Am. St. Rep. 608, 1 Pomeroy, Eq. Jur. § 245; *Walker v. Hall,* 66 Miss. 390, 6 South. 318.

The case of *Planters' Compress Ass'n. v. Hanes,* 52 Miss. 469, cited by learned counsel for appellee is not applicable here. The bill in that case prayed for three distinct measures of relief: an injunction, a discovery and an accounting.    Appellant in the case at bar prays for only two measures of relief: an injunction and for a stated account.    He asks for no discovery.

*Jones & Jones,* for appellee.

Appellee, in carrying on its business, exercises the right to store cotton for it customers, and as an incident thereto it weighs such cotton.    In so doing appellee in no way interferes with

the legal rights of appellant. Appellant may weigh all cotton brought before him, but appellee also has the right, both at common law and under the express language of the statute law in question, to weigh the cotton of such persons as may voluntarily desire it done.

. Appellant does not contend, it will be noted, that appellee has ever in any way interfered with his official duties other than by such acts as appellee exercises in its own business. Furthermore under its charter, granted by the state of Mississippi, appellee is given the right to weigh cotton.

Appellee is exercising its legal privileges of a warehouseman, and neither has bought nor sold any cotton, but is in the business solely of weighing and storing cotton for its customers. It will be noted that the latter part of section 3 of the laws of 1906, ch. 227, distinctly states that "nothing herein contained shall be so construed as to prevent any one from withholding his cotton from said cotton weigher, and said cotton weigher shall not be entitled to fees on cotton not weighed by him."

Appellant's claim sounds wholly in damages, and does not arise *ex contractu,* and his remedy, if he has any, is at law and not in equity. *Planters' Compress Ass'n. v. Hanes,* 52 Miss. 469.

Fletcher, J., delivered the opinion of the court.

The appellant, though the regularly elected and duly qualfied cotton weigher of Winston county, is precluded from maintaining his suit by the provisions of the final sentence of section 3, ch. 227, p. 269, of the Laws of 1906; the act creating the office. The language of the statute is: "Nothing herein contained shall be construed as to prevent any one from withholding his cotton from said cotton weigher and said cotton weigher shall not be entitled to fees on cotton not weighed by him." It is perfectly manifest that, under this statute, appellant has no right to restrain the warehouse company from having its cotton weighed by a private weigher, and equally clear that no action will lie for commissions on cotton not weighed by appellant.

It is contended, however, that no one but the elected cotton weigher has the right to charge for weighing cotton. Even if this be true, appellant cannot complain, since this is a matter between the private weigher and his customers. Nor can the suit be maintained on the ground that appellant has sustained damage by reason of the action of appellee in urging the public to withhold its patronage from that officer. Such a grievance, if one exists, cannot be redressed, upon the case here, in a court of equity; all other grounds of jurisdiction having failed. *Planter' Compress Ass'n. v. Hanes,* 52 Miss. 469.

*Affirmed.*