Putnam J.
delivered the opinion of the Court. The plaintiff alleges that he has received a grievous injury by reason of the defendants’ omitting to provide a suitable coach, in which they for a reward undertook to carry him safely. He says that the defendants disregarded their duty in that behalf, and so “ carelessly and negligently provided, fitted out, managed and conducted their coach, that it broke down and broke the plaintiff’s leg.” And it is contended for the defendants, that the plaintiff cannot be permitted to prove any insufficiency in the carriage, although it is conceded, that he may be permitted to prove any unskilfulness in the mode of driving oi conducting it; that the terms “provided ” and “ fitted out,” as applicable to the coach, mean the furnishing it with convenient internal accommodation, independent of the carriage itself, and do not extend to the sufficiency or safety of the coach for the transportation of passengers.
We cannot think that the terms employed should have sc limited a construction. We think that the plaintiff sets forth *111 his cla;m to damages as well from the insufficiency of the coach, as from the carelessness of the driver in conducting it. The declaration states that the defendants received the plaintiff into their stage-coach for the usual hire and reward therefor, to be faithfully and carefully conveyed and transported from, &c. Having done that, the law imposed upon the defendants the duty of furnishing a suitable coach and of having it properly conducted, for the purpose. In Webster’s Dictionary, to provide is defined, “ to make ready for future use,” — “to furnish,” — “to supply.” This word is used in an enlarged sense in Park on Ins. (7th edit.) 352. The assured is “ indispensably bound to provide a good ship, able to perform the voyage.” And to Jit is defined by Webster, “to make suitable,” — “ furnishing a thing suitable for the use of another,” — “to prepare,” — “to furnish with things proper or necessary.” The duty of the defendants then was to supply a coach suitable for the safe conveyance of passengers, furnished with all things necessary and proper. The plaintiff alleges that they neglected to do so ; and he proves that the nut to secure one of the wheels to the axle, was unfit for its purpose. The .wheel came off and the coach broke down in consequence of that neglect. We are all of opinion that there was no variance between the evidence and the allegation.
Many of the cases cited do not bear so directly upon the point which has been considered, as to call for a particular notice. Some of them are very questionable.
In Hullman v. Bennett, 5 Esp. R. 226, the injury was alleged to have arisen from carelessly steering the defendant’s ship. The evidence was, that the defendant’s vessel carried her anchor on her side partly under water, which struck the plaintiff’s vessel; and it was held that this evidence did not support the count for negligently steering. That was an opinion at nisi prius. But in that case the defendant knew that his anchor was atrip, and it seems to us that he should have steered his vessel accordingly, so as to avoid the approaching vessel. We do not see but that the immediate cause of the injury was properly to be ascribed to the careless steering of the defendant’s ship.
*112 The case cited of Fitzsimons v. Inglis, 5 Taunt. 538, was a charge against the defendant /or placing rubbish in such a situation as to obstruct a ditch, but it was proved that the rubbish was carried by the elements from the place where the defendant placed'it ; so clearly there was a variance. It was not the direct consequence of the act of the defendant.
We all think that the instruction which the chief justice gave to the jury upon this part of the case, was correct.
But it is contended for the defendants, that if there were no variance, the declaration is wholly insufficient, “ because it is so general as not to apprize the defendants of the ground of the plaintiff’s claim. It is not alleged in what particular the defendants were negligent in providing and fitting out the coach, but there is only a general allegation of negligence, which would not enable the defendants to discover on what ground the plaintiff intended to rest his claim. It is no better than to call the defendants into court to answer in a plea of the case for negligence.” It is not, however, of negligence in regard to matters and things in general, but in regard to the providing and fitting the-coach, for which the defendants were to answer.
We have examined the forms of declarations for negligence, and think that many of them are, to say the least, as general as that which tire plaintiff has made.
In 3 Chit. Pl. 375, the first count avers that the defendants being owners of the coach, &c. it became their duty for reward, to carry the plaintiff safely, yet they did not use proper care that the plaintiff should be safely and securely carried, but neglected to do so, and suffered and permitted, one of the wheels of the coach to be so insufficiently secured, that the same then and there came off, and also suffered the coach to be then and there so greatly overloaded' that by means thereof the coach was overturned, by means whereof .the plaintiff’s leg was broken. Now this does not state the reason why the wheel came off; whether it was because the axletree broke, or the nut got off, or because no nut or fastening was put upon the end of the áxle to keep on the wheel. The second count states the duty of the defendants to carry safely, but that they wholly omitted to do so, *113 by means whereof the coach was overturned and the plaintiff’s leg was broken : —without saying whether the want of proper care was in the coach, harness or driver. The third count states that the defendants, not 'regarding their duty in that behalf, so carelessly, negligently, unskilfully and improperly loaded, drove, managed and conducted the coach, that through carelessness, negligence and improper conduct of the defendants, the coach was overturned. This count is liable to the objection of containing two causes, one for overloading, and the other for improperly driving the coach.
In p. 381, the count for negligently carrying goods, &c. states tli it the plaintiff delivered goods to be carried in á ship, yet the defendant, not regarding his duty in that behalf, so negligently, carelessly and improperly conducted himself in that behalf, that for want of-due care of the defendant and his servants in that behalf, divers goods, &c. were wholly lost: - without alleging particularly in what manner, whether from insufficiency of the ship, or from the carelessness of the people.
In p. 385, the declaration is, for that the defendant had the care of the plaintiff’s mare, yet not regarding his duty in that behalf, he so negligently, carelessly and improperly behaved and conducted himself, that by reason of the carelessness and improper conduct of the defendant the mare became greatly hurt and wounded : — without Stating any particular mode in which the injury was sustained.
So in p. 386, in regard to furniture, it is alleged that the defendant took so bad care thereof, that by and through the negligence and improper conduct of the defendant, the furniture became wholly lost to the plaintiff: — not stating in what particulars the defendant was negligent.
These forms are certainly as general as that which the plaintiff used in the case at bar. The objection to the decía ration cannot prevail.
In regard to the motion for a new trial, made on the ground that the defendants were surprised by the testimony of two ol the plaintiff’s witnesses, named Turner and Whitman, and that they ought to have an opportunity to contradict it by *114 offering to another jury the evidence which they had discovered since the trial, the following, among other remarks, were made by
Putnam J.
We think if the testimony of Turner and Whitman were out of the case, it would stand clearly for the plaintiff. Consider what the plaintiff is to prove : — that the injury he received happened from the insufficiency of the coach, or the carelessness in conducting it. He proved that while it was driven at a moderate rate the wheel came off and the coach overset and broke his leg. It was ascertained upon the spot, that the nut of the wheel worked off. It was picked up and replaced, with some paper under it to secure it in its place. The wheel came off upon a plain and good level road, without coming in contact with any other object. This evidence made a prima facie case for the plaintiff. In Christie v. Griggs, 2 Campb. 79, Sir James Mansfield held, that after the plaintiff had given such evidence, it lay upon the other side to prove “ that the coach was as good a coach as could be made, and the driver as skilful a driver as could any where be found.” We are,of opinion that the law would imply negligence from those facts. It would result from them, that the coach was not properly fitted and provided. Then the burden of proof would change, and it would be for the defendants to rebut that legal inference. The evidence which the defendants have discovered, has no tendency to explain and show that the disaster was occasioned by mere accident and without any default of the defendants.[1]
Upon the whole we are all of opinion that the judgment must be rendered for the plaintiff upon the verdict.

 Paddock v. Franklin Ins. Co. post, 227.