## City of Savanna v. John R. Robinson.

1. CITIES AND VILLAGES—*Powers Derived from the Statutes.*—Cities and villages are clothed with such powers, and only such, as are conferred by the act of incorporation or such as may be necessary to carry out the powers expressly granted.

2. SAME—*Must Act Within the Bounds of Their Charter.*—Cities and villages must act within the bounds of their charters and if they exceed the powers conferred by the charter, their acts are nugatory.

3. CONSTRUCTION OF STATUTES—*Powers, When Denied.*—All fair and reasonable doubt concerning the existence of a power are to be resolved against the corporation and the power denied, especially if the power in question is unusual, attended with taxes, tolls, assessments or burdens upon the inhabitants, oppresses them, or abridges their natural or common rights.

4. SAME—*Par. 54, Sec. 1, Art. 5, Chap. 24, R. S., Cities and Villages.*—Art. 5, Sec. 1, Par. 54, of the General Incorporation Act, which gives cities and villages the power to regulate the inspection, weighing and measuring of brick, lumber, fire wood, coal, hay, and any article of merchandise, does not, by implication, include the power to appoint weighmasters and compel persons desiring to sell coal to have the same weighed by, and receive certificates showing the same has been weighed, from such officers, before offering the same for sale.

**Action for the Violation of an Ordinance.**—Trial in the Circuit Court of Carroll County, on appeal from a justice of the peace; the Hon. JAMES SHAW, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

**Statement of the Case.**—This was a proceeding instituted before a justice of the peace of Carroll county by appellant against appellee for the violation of an ordinance of appellant, in relation to the weighing and selling of coal. The appellee was found guilty and fined. An appeal was taken to the Circuit Court of said county where, upon the trial of the case, the following stipulation was filed :

" It is hereby stipulated between the plaintiff and the defendant that the city of Savanna, at the time of the commencement of this suit, was incorporated under the general laws of the State of Illinois.

That the ordinance, a copy of which is hereto attached, was passed by the city council, approved by the mayor and

published according to law, on the day it purports to be so done. That the city of Savanna, prior to the commencement of this suit, had no sealer of weights, and had prior to that time erected public scales and appointed a city weighmaster. The weighmaster was not sworn or required to give bonds. The public scales so erected had no sealed weight or standard weight in conformity with the statute of the State of Illinois. Prior to the commencement of this suit and after the publication of said ordinance a longer period than ten days, the defendant sold to one James Ryan four tons of coal, it being agreed between the defendant and said Ryan that said coal should be weighed on the defendant's scales, the defendant being a retail coal dealer in the city of Savanna and having scales of his own upon which to weigh the coal he was in the habit of selling. This four tons of coal was weighed on the defendant's scales and delivered to said Ryan after the passage of said ordinance and more than ten days after it had been published, and was not weighed upon the public scales erected by said city weighmaster. It is hereby agreed that all the necessary forms to make an ordinance legal, were taken in regard to said ordinance. It is further stipulated and agreed that the scales of the defendant are the regular and standard scales known as 'Fairbank's Standard Scales.' That the scales owned and used by the city of Savanna, as the city scales, are the scales known as the Howe Standard Scales.' A jury was waived and the case submitted to the court upon the above stipulation."

The ordinance referred to in the stipulation, so far as it relates to the question in issue, is as follows :

ORDINANCE NO. 7.

Section 6.   No person within the city of Savanna shall sell for a ton of coal less than twenty hundred weight, each of said hundred weights being 100 pounds, as provided in section 5 of chapter 147 of the Revised Statutes of the State of Illinois.   Any person violating the provisions of this section shall be subject to a penalty of not less than five nor more than twenty-five dollars for each offense.

Section 7.   The weighmaster of said city shall be entitled to charge and receive for his services ten cents for each ton of coal weighed by him, or part of a ton weighed separately and certified to by him. .

Section 8.   Every ton or load of coal sold or offered for sale in said city shall be weighed by the city weighmaster

of said city. Any person who shall sell or offer a ton of coal in said city, or a part of a ton of coal, without having the same so weighed by the city weighmaster, shall be subject to a penalty of not less than five nor more than twenty-five dollars for each offense.

Section 9. It shall be the duty of the city weighmaster to keep a book in which he shall make an entry of each load of coal weighed by him, showing the weight of the same, and the name of the person for whom weighed; and shall deliver to the person for whom such weighing is done a certificate of each and every load of coal so weighed by him, showing the number of pounds of coal, and when and for whom weighed, and the weight of the wagon, cart or vehicle upon which the coal was weighed.

Section 10. Previous to the sale of any ton or load of coal, in said city, the seller shall exhibit to proposed purchaser of said ton or load of coal the weighmaster's certificate mentioned in section nine of this ordinance, and when such sale of any ton or load of coal is made in said city, the seller should at once, upon the delivery of said coal to said purchaser, deliver to said purchaser said certificate. Any person who shall violate any provision of this section shall be subject to a penalty of not less than $5 nor more than $25 for each offense.

Upon hearing, the court found for the defendant below and rendered a judgment in his favor, from which the city appealed.

B. F. Lichtenberger, attorney for appellant, D. S. Berry of counsel, contended that the police power in its broadest acceptation, means the general power of a government to preserve and promote the public welfare even at the expense of private rights. Cooley's Const. Lim., 6th Ed., 704.

A State or municipality may, in the exercise of its police power, appoint public or licensed weighers, surveyors, etc., and provide that all sales of certain commodities, such as hay, grain, etc., shall be upon weight or quantities as ascertained by such weighers or surveyors. Am. & Eng. Ency. of Law, Vol. 29, page 54; Stokes & Gilbert v. City of New York, 14 Wend. 88; Davis et al. v. Town of Anita, 73 Iowa, 325, 35 N. W. Rep. 244.

The legislature possesses supreme power except so far as

it is limited by the Constitution or foundation of government, or such power has been delegated to the general government, or its exercise has been limited by the Federal Constitution.   Hence the legislature has the right to pass laws regulating trade and they do not contravene the Constitution.   Hawthorne v. People, 109 Ill. 304.

The legislature may, in the exercise of the police power, enact statutes regulating trade.   Hawthorne v. People, 109 Ill. 302.

Laws requiring articles to be inspected or weighed and measured before being sold, are in the nature of police regulations and valid.   Ordinances regulating the traffic in all kinds of produce and prohibiting their sale except upon certificate of weight according to public scales, are common to all cities.   Gaines v. Coates, 51 Miss. 335; Yates v. Milwaukee, 12 Wis. 673.

An ordinance providing for the weighing of cotton on public scales and requiring a fee of eight cents to be paid therefor, one-half to be paid by the buyer and one-half by the seller, was held a valid and reasonable regulation.   State v. Tyson, 111 N. Car. 687.

An ordinance establishing the weight of loaves of bread, under charter, which provided that the council had power to " direct and regulate the weight and quality and the size of the loaf and the inspection thereof," is valid.   Michigan v. Wagner (Mich.), 13 L. R. A. 286.

Where, under an ordinance, the city prescribed the price as well as the size of the loaf of bread and its weight, it was held a proper regulation.   This under the power to " regulate."   Mobile v. Youlle, 3 Ala. 140.

Ordinances requiring articles to be inspected or weighed and measured before being sold, are in the nature of police regulations and are valid in the absence of special Constitutional provisions.   When reasonable in their nature they are not regarded as being in restraint of trade.   Dillon on Munic. Corp., Sec. 323 (Ed. of 1872).

Inspections are necessary incidents to the execution of quarantine and health laws to prevent fraud, imposition and

extortion in quality or quantity of sales, and the power to provide them has been uniformly recognized as the subject of delegation to municipal corporations. Cooley's Const. Law, 1st Ed., 584, 585; People v. Harper, 91 Ill. 367.

If this restrains and embarrasses trade, what provision of the Constitution prohibits the legislature from exercising this power? We are aware of none. Most States have required that persons in almost every species of business should procure a license to enable them to pursue their calling. In this case, while the ordinance does not make them procure a license, yet it compels them to weigh on the city scales, which is, under the above, a legitimate regulation of trade. Hawthorne v. People, 109 Ill. 309.

· Laws which embrace all persons in a certain calling or class is not "class legislation," and are valid. Hawthorne v. People, 109 Ill. 311.

Under a statute which provides that a city may establish markets and provide for the weighing of coal, hay or articles for sale, the municipality may erect scales, appoint a weighmaster and regulate the use of scales by ordinance. Davis v. Anita, 73 Iowa, 325, 35 N. W. Rep. 244; 18 Am. & Eng. Corp. Cases, 502; 14 Am. and Eng. Ency. of Law, 464, Stokes & Gilbert v. Corp. of City of New York, 14 Wend. 88.

The power given by the fifty-fourth clause of section 63 of chapter 24 is the power to "regulate," and this implies that the municipal corporation is empowered to do all things essential to the proper exercise of the power expressly conferred. Davis v. Anita, 73 Iowa, 325, 35 N. W. Rep. 244; Kinsley v. Chicago, 124 Ill. 359; Chicago Packing Co. v. City of Chicago, 88 Ill. 221; Dutton v. The City of Aurora, 114 Ill. 138.

D. & T. J. and J. M. Sheean, attorneys for appellee. ·

There is a marked difference between power to regulate and power to provide for. "Regulate" is defined: 1. To adjust, order or govern by rule, method or established mode; direct or manage according to certain standards or laws; subject to rules, restrictions or governing principles; as, a

well-regulated family; to regulate one's life or one's diet; to regulate the market.  2. To adjust or maintain at a desired, required or standard condition or action; put or keep in good order; adjust according to circumstances or requirements; as, to regulate a watch or a mechanism; to regulate the ventilation of an apartment.  3. To reduce to or maintain in order; as, to regulate disordered finances. Standard Dictionary, page 1503.

" Provide " is defined : 1. To make, procure or furnish for future use; obtain so as to have ready on hand when needed; prepare; as, to provide food for the voyage.  2. To furnish supplies or prerequisites; put into a state of preparation; as, " We are well provided with money."  3. To make a previous condition or stipulation; as, " The contract, treaty or statute provides for compensation."  Same Dictionary, page 1436.  The Century Dictionary and Encyclopedia, Volume 6, pages 4804 and 5051, is substantially to the same effect.

It is a plain proposition, well understood, that a city, incorporated under the general law, must act within the bounds therein prescribed, or its acts are nugatory.  It is clothed with such powers, and only such, as are conferred by the act, or such as may be necessary to carry out the powers expressly granted.  Agnew v. Brall, 124 Ill. 314; Rees on Ultra Vires, Secs. 170, 176; Clinton v. Phillips, 58 Ill. 102;  Launder v. Chicago, 111 Ill. 296;  Emmons v. Lewiston, 132 Ill. 380.

Authority to make by-laws does not include power to legislate on general subjects.  If a by-law seeks to interfere with the rights of an individual or the public, the power to do so must come from plain and direct legislative enactment.  No implied power will authorize it.  Ordinances must be consistent with public legislative policy, may regulate, not restrain, trade, and must not contravene common right.  Long v. Taxing District (7 B. J. Lea), 75 Tenn. 134.

" A by-law must be reasonable, for common benefit, not in restraint of trade, nor ought it to impose a burden without an apparent benefit."  Commissioners v. Gas. Co., 12 Pa. St. 322.

An ordinance forfeiting baskets of fruit for want of a quantity stamp thereon is void for not having express legislative authority therefor. Phillips v. Allen, 41 Pa. St. 481.

In case of doubt as to the grant of the power or any ambiguity arising out of the terms used by the legislature the doubt is solved against the city and in favor of the public. Seeger v. Mueller, 133 Ill. 87; 1 Dillon on Munic. Corp., 148, Sec. 91, and note 2.

Especially is this the rule if the power in question is unusual, attended with taxes, tolls, assessments or burdens upon the inhabitants, or oppresses them, or abridges natural or common rights. 1 Dillon on Munic. Corp., 149, note 2.

Ordinances regulating callings and trades must not be unreasonable, partial, or in restraint of trade. 1 Dillon on Munic. Corp., 399, Sec. 321, note 2; 14 Am. & Eng. Ency. of Law, 462.

The city had no power to annul or destroy the contract made by appellee with Ryan, or to prohibit its performance. It was lawful to make and perform the contract and appellee was not amenable to punishment for doing it. The common right to contract must not be abridged or destroyed. Millett v. People, 117 Ill. 298; 1 Dillon on Munic. Corp., 397, and note 2.

The ordinance imposes a burden on coal dealers not imposed on butchers, grocers, grain dealers, druggists, fruit dealers, and dealers in vegetables, flour, dry goods, produce and other articles of merchandise. It makes unjust discrimination against coal dealers and for that reason is void. Millet v. People, 117 Ill. 301; Sumpter v. Deschamps, 4 So. Car. 297.

The ordinance in question creates a monopoly of the business of weighing coal. Monopolies are odious to the law and acts creating them are invalid. The law will not tolerate them. Chicago v. Rumpff, 45 Ill. 90; Tugman v. Chicago, 78 Ill. 405; 1 Dillon on Munic. Corp., 429, Sec. 362, and note 3.

Mr. Justice Higbee delivered the opinion of the court. The most important question presented by the record in

this case is whether the appellant had the power to enact and enforce the ordinance in question, requiring all coal sold or offered for sale in the city, to be weighed by the city weighmaster, and providing penalties for failure to comply with such ordinance. The authority is abundant, and it is conceded by counsel, that the legislature has the power to authorize cities to erect scales, appoint a weighmaster and require all coal sold or offered for sale in the city limits, to be first weighed by such weighmaster; but the question here is, has the legislature, by the provisions of the general act for the incorporation of cities and villages, under which appellant was incorporated, granted that power to the cities incorporated under it. Unless the power to pass the ordinance was clearly given by the statute, it can not be sustained.

Under the general incorporation law of the State, a city council is " clothed with such powers and only such as are conferred by the act of incorporation, or such as may be necessary to carry out the powers expressly granted. It is a plain proposition of law and one well understood, that in the discharge of their duties, a city council must act within the bounds prescribed by their charter, and if they exceed the powers conferred by the charter, such acts are nugatory." Agnew v. Brall, 124 Ill. 312.

Any ambiguity or doubt arising out of the terms used by the legislature in conferring their powers, must be resolved in favor of the public. Seeger v. Mueller, 133 Ill. 86.

The case last referred to, and the case of Emmons v. The City of Lewiston, 132 Ill. 380, quote approvingly the language of Judge Dillon that " any fair, reasonable doubt concerning the existence of a power is resolved against the corporation, and the power is denied." 1 Dill. on Munic. Corp., Sec. 89.

This is especially the rule if the power in question is unusual, attended with taxes, tolls, assessments, or burdens upon the inhabitants, or oppresses them, or abridges natural or common rights. Id., Sec. 149, n. 2.

It is said in 29 Am. & Eng. Ency. of Law, 54, that " A State or municipality may, in the exercise of its police power,

appoint public or licensed weighers, surveyors, etc., and provide that all sales of certain commodities, such as hay, grain, etc., shall be upon the weight or quantity as ascertained by such weighers or surveyors, for which they may charge a reasonable fee." In the note to which reference is made for authority for the above statement, it is said, " But the municipalities have only power to pass such ordinances when the authority is specially conferred by the legislature."

In the case of Stokes v. City of New York, 14 Wend. 87, it was held that the city had power to pass an ordinance requiring anthracite coal to be weighed by weighers appointed by the city. It appears from the opinion in that case, however, that the law expressly gave the power to appoint weighmasters, and the court held that the power to compel their employment was necessarily implied in the power to appoint. That provision of the statute which is relied upon as authorizing the ordinance in question is Art. 5, Sec. 1, Par. 54 of the General Incorporation Act, which gives cities and villages the power " to regulate the inspection, weighing and measuring of brick, lumber, firewood, coal, hay, and any article of merchandise." Does the authority to regulate the inspection, weighing and measuring of coal include the right to erect scales, appoint a city weighmaster, and require that all coal sold in the city shall be weighed by such officer and a fee paid him therefor ?

The case of Davis v. Anita, 73 Iowa, 325, is the principal one relied upon by appellant as authority in support of the ordinance. In Iowa, cities organized under the general law are empowered " to provide for the measuring or weighing of hay, coal, or any other article for sale." Iowa Code, Sec. 456. Under that statute it was held that a city might erect scales, appoint a weighmaster and provide for the use of such scales by those desiring to sell such articles. It is said in the course of the opinion in that case, that the ordinance in question was a " regulation," and that " the statute evidently confers on cities and towns, power to provide scales, a competent weighmaster and correct weights or balances." On the other hand, a contrary doctrine was established by

the Supreme Court of Arkansas in the case of Taylor v. The City of Pine Bluff, 24 Ark. 603. Under an act of the legislature, the city of Pine Bluff had an express grant of power "to provide for the measuring or weighing of hay, wood, or any other article for sale." The city, by ordinance, established the office of city weigher and directed him to weigh all articles and give a certificate of weight. It was then provided that all cotton, hay or fodder should be weighed by the city weigher, and any person violating the ordinances should be subject to a fine. It was said by the court, in passing upon the case, " when our legislature granted the authority to provide for weighing and measuring, it is not to be presumed it was not thought necessary to give the power to purchase and fix scales for public convenience, but rather that the city should be empowered to establish the system of requiring articles for sale to be weighed and measured," and the ordinance was declared void.

In the above cases, however, it will be noted that the power given by the statute was to provide for the weighing of coal, etc., while under our statute the power given is to regulate. There is, however, a marked difference between the power to regulate the weighing of an article and the power to provide for the weighing of the same.

The definition of "regulate" according to the Century Dictionary is "to adjust by rule, method or established mode; govern by or subject to certain rules or restrictions; direct; to put or keep in good order." The same authority defines the word " provide " as " to procure beforehand; get, collect or make ready for future use; prepare, furnish, supply."

To regulate the weighing of a thing is not to weigh it. If such were the case, then under Par. 50 of the section of the general incorporation act above referred to, the power to regulate the sale of meats, poultry and other provisions would also include the power to go into the business of selling provisions, and under Par. 57 the power given to cities to regulate the sale of bread would also give such cities the power to establish bakeries and sell bread. By reading the word " regulate," in the several connections in which it

City of Savanna v. Robinson.

appears in the said sections of the statute, we are of opinion that by its use the legislature intended to confer the power upon cities and villages, to establish and direct the manner in which the sale or weighing of the articles mentioned should be done by others, and not to permit such cities and villages themselves to go into the business of selling or weighing such articles.

In the case of Huesing v. The City of Rock Island, 128 Ill. 465, the question arose whether the city had the right to pass an ordinance for the establishment of an abattoir or public slaughter house, and appropriate the means of the city for that purpose. Par. 50 of the section of the statute above referred to, gives to cities and villages the power to regulate the sale of meats, etc., to provide for place and manner of selling the same, and section 53, the power to provide and regulate the inspection of meats, etc., but the court held that there was nothing in the language of either of the powers granted, that would lead to the conclusion that the erection of a public slaughter house by the city, was in the contemplation of the legislature in the enactment of such provisions. It was further held in the same case that no such power was given under Par. 78 of the same section which authorized cities and villages " to do all acts, and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease; " nor under section 81, which gave the power " to direct the location and regulate the management and construction of packing houses," etc. If cities have no power under the provisions of the statute above referred to, to erect and operate slaughter houses, can it not be properly said or reasonably contended that the city may erect and operate public scales and compel the weighing of all coal by the public weighmaster, under the clause authorizing it " to regulate the weighing of coal ? "

The powers of the city to enact the ordinance in question, was, to say the least, very doubtful, and to concede that the power is doubtful, is to deny the power. Emmons v. The City of Lewiston, *supra.*

We must, therefore, hold that the power given by the statute to cities and villages to regulate the inspection and weighing of coal does not, by implication, include the power to appoint weighmasters and compel persons desiring to sell coal, to have the same weighed by, and receive certificates showing the same has been so weighed from such officers before offering the same for sale, and that so much of said ordinance as conflicts with this rule is void.

The judgment of the court below will therefore be affirmed.