Argued December 12, decided December 30, 1913.

# OBENCHAIN *v.* DAGGETT.

(137 Pac. 212.)

**Counties—County Court—Powers.**

1. The County Court in the exercise of its taxing power is one of special and limited jurisdiction, and its power must be conferred by law either in direct terms or by necessary implication.

**Counties—Power of County Court—"Provide."**

2. In Section 937, subdivision 1, L. O. L., giving the County Court power to provide for the erection of courthouses, etc., the term "provide" is one of comprehensive signification, and implies power of the County Court to raise a fund for the purpose named by taxation.

**Counties—Power of County Court—Creation of Special Fund.**

3. Section 937, subdivision 1, L. O. L., gives the County Court power to provide for the erection of a courthouse. Section 3662 provides that, for raising revenues for county purposes, the county court shall, in its January term, levy a tax sufficient to defray the expenses of the county. Section 3663 provides that the County Court shall, at its January term, levy any other taxes it is required or permitted to levy. Section 3675 provides that, when any moneys shall have been collected for a specified object, no portion shall be applied to any other object without due authority. *Held,* that a County Court has power to create by taxation a special fund for the erection of a courthouse, though the general fund of the county is in debt in excess of the constitutional limit.

**Counties—Power to Tax—"County Purpose."**

4. The building of a courthouse is not a "county purpose" within Section 3662, L. O. L., providing that, for raising revenues for county purposes, the County Court shall, at its January term, levy a tax sufficient to defray the expenses of the county; the quoted term applying only to the constantly recurring expenditures, such as salaries of county officers.

From Klamath: HENRY L. BENSON, Judge.

Department 2.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is a proceeding in *mandamus* by M. M. Obenchain to compel Claude H. Daggett, county treasurer of Klamath County, to pay a warrant issued upon the general fund and held by plaintiff. The cir-

cumstances out of which it arose are as follows: The general fund of Klamath County being in debt in excess of the constitutional limit, the County Court of that county, wishing to construct a courthouse with cash, levied a special tax for that purpose, the proceeds to go into a special cash fund to be used for that purpose alone. The plaintiff, being a holder of one of the outstanding general fund warrants, sought to have the warrant paid from any money belonging to the county, whether in the courthouse special fund or general fund, claiming that the special fund arrangement impaired his warrant and preferred other creditors of later date to himself, in violation of the law that county orders should be paid in the order of registry. Upon the trial the court rendered a decree in favor of defendant, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Kuykendall & Ferguson,* with an oral argument by *Mr. D. V. Kuykendall.*

For respondent there was a brief and an oral argument by *Mr. John Irwin.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. The following provisions of our Constitution and statutes bear upon the matter now under consideration: Article IX, Section 3 thereof, is as follows: "No tax shall be levied, except in pursuance of law." Under this provision of the Constitution the legislature of our state, Section 937, L. O. L., declares that the County Court has the authority and powers pertaining to county commissioners to transact county business, and, among other things, provides: "1. To provide for the erection and repairing of courthouses, jails, and other necessary public buildings for the use

of the county. * * 7. To estimate and determine the amount of revenue to be raised for county purposes, and to levy the rate necessary therefor, together with the rate required by law for any other purpose, and cause the same to be placed in the hands of a proper officer for collection."

Section 3661, L. O. L., provides as follows:

"The County Court of each county shall, at its term in January in each year, estimate the amount of money to be raised in its county for county purposes, and apportion such amount, together with the amount of state and school tax, and other taxes required by law to be raised in its county, and such other taxes as it may in its discretion as authorized by law determine shall be raised, according to the valuation of the taxable property in the county for the year, and such determination shall be entered in its records."

Section 3662, L. O. L., provides:

"For the purpose of raising revenues for county purposes, the County Court for each county in the state shall, in its January term in each year, levy a tax upon all taxable property in its county, which tax will be sufficient in its amount to defray the expenses of the county."

Section 3663, L. O. L., provides as follows:

"The County Court shall, at its January term in each year, levy any other taxes which by law the county or County Court or board of county commissioners is required to levy, and any other taxes which it may determine to levy and which by law it is permitted to levy."

Section 3675 reads:

"When any moneys shall have been collected or received by any officer for any distinct and specified object, no portion of them shall be paid or applied to any other object or purpose without due authority, but

shall be kept a separate fund for such specified object; and any officer failing to comply with the provisions of this section shall be liable to a fine not exceeding $500, or to imprisonment in the county jail not exceeding six months.''

It is well settled in this state that in its exercise of the taxing power the County Court is a court of special and limited jurisdiction, and that such power must be conferred by law either in direct terms or by necessary implication: 2 Dillon, Mun. Corp. (4 ed.), § 763; *Corbett* v. *City of Portland,* 31 Or. 407 (48 Pac. 428).

2, 3. We will now consider the sections of the statute above quoted in order to determine whether by necessary implication they confer upon the County Court the power to levy a special tax for the purpose of creating a courthouse. The first subdivision of Section 937, L. O. L., gives the courts the power to provide for the erection of courthouses. The word "provide" is one of comprehensive signification. It is variously defined as follows: "To make ready for future use": *Ware* v. *Gay,* 28 Mass. (11 Pick.) 106. "To provide is to procure beforehand; get, collect, or make ready for future use": *City of Savanna* v. *Robinson,* 81 Ill. App. 471. "To procure as suitable or necessary; to prepare; to make ready for future use; to finish; to furnish or supply": Webster's International Dictionary. The authority thus being given it would seen to follow as a matter of necessary and unmistakable implication that the means by which this authority may be exercised are also given. Thus in *Swartz* v. *Board of Commrs. of Lake County,* 158 Ind. 141 (63 N. E. 31), it was held that, where a statute prescribed that the board of county commissioners "shall provide a suitable and convenient place for the holding of the Superior Courts for certain counties," the word "provide" was to be construed as assigning

a legislative intent to leave the question as to how the duty imposed should be performed to the wisdom and sound discretion of the board, and that therefore the board might purchase a suitable building. Now, as the County Courts are not provided with Aladdin's lamp, by the rubbing of which they can provide for the erection of courthouses, they must follow the usual mode of procedure, and that is by taxation, and we do not understand counsel for the plaintiff to question seriously the authority of the court to exercise that power under certain conditions and restrictions. The main contention is that it has no power to make a special levy to create a special fund for that purpose. They base their argument upon Section 3662 heretofore quoted, and argue with much plausibility and force that the building of a courthouse is a county purpose, and that as a necessary result there can be but one fund out of which all orders must be paid, and that the orders issued by the county must be paid in the order of their registration. The logical result of this argument is that, if the present courthouse of Klamath County, if it has one, should be destroyed by fire, and the county should be in debt several hundred thousand dollars, as it confessedly is, the County Court would have no authority to build, buy, or rent a courthouse until such indebtedness was reduced to a sum within the constitutional limit. In the meantime the court would have to be held and public business transacted in the open air. Mr. Justice WOLVERTON, with his usual keen foresight and good business judgment, realized the dilemma into which the counsel's present contention might plunge a county when he made use of the following language: "We do not mean to say that there might not be a special levy to meet special liabilities about to be incurred, or a setting aside of particular or surplus funds to meet such intended liabilities, which might not be obnoxious to the constitu-

tional inhibition." To the same effect is the statement of Mr. Justice BEAN in *Eaton* v. *Mimnaugh,* 43 Or. 465 (73 Pac. 754); also in *Brix* v. *Clatsop County,* 46 Or. 223 (80 Pac. 650); *Bowers* v. *Neil,* 64 Or. 104 (128 Pac. 433). The principal question seems to be as to the authority of the county to create a special fund for the particular purpose of building a courthouse. As already intimated, we think this authority can be found in Section 937, subdivision 1, L. O. L. A man is said to "provide for a rainy day" when he lays by a fund for his maintenance in case of adversity. He provides for meeting an indebtedness when he accumulates a fund to pay it when due. It will be observed that, while many of the ordinary expenses of the county are not specified in Section 937, *supra,* there are five deemed so important that they are singled out and given prominence. The first of these is the authority to provide for the erection of courthouses, jails, and necessary public buildings; the second, the authority to provide offices, furniture, books, etc., for the county officers; the third, to establish, vacate, and alter county roads; the fourth, to provide for the construction and repair of public bridges; and, the fifth, to provide for the maintenance of paupers. The reason for expressly selecting these matters and making them prominent is evident. They are all urgent public necessities. As well remarked by the trial judge in passing upon the case at bar: "It seems perfectly plain that, if the County Court has power to provide for the erection of a courthouse, there is complete and ample warranty of law expressed therein for taking any necessary steps for raising revenue to carry out their purpose."

4. While the building of a courthouse is a county expense, and raising money for its construction is a county purpose, we are of the opinion that it is not

such within the meaning and intent of Section 3662, L. O. L., but that this section rather refers to the common and constantly recurring expenditures which go to make up the usual county budget, such as the salaries of county officers and the like; that it is in the nature of an extraordinary expense occurring only once perhaps in a generation, and which from its magnitude it would often be impractical and even oppressive upon the taxpayer to collect at one levy; and that it may well be embraced in the terms of Section 3663, L. O. L., which provides that the County Court shall, at its January term in each year, levy any other taxes which by law it is required to levy and any other taxes which it may determine to levy and which it is permitted to levy. The provisions of Section 3662, when read together, requiring the county, at its January term, to levy a tax sufficient to defray its expenses, when read in connection with Section 3663, evidently mean that the County Court shall, at its January term, levy, first, a tax sufficient to pay the ordinary expenses of the county, and, second, such other extraordinary levies as may be deemed necessary to meet particular and unusual exigencies. Section 3675, L. O. L., apparently contemplates the creation of particular funds to meet such exigencies. It was evidently passed with the intention that a County Court could not, under the pretext of providing a fund for a specific purpose, such as improvement of county roads, erection of a courthouse or a jail, accumulate an amount of money in the treasury, and thereafter break faith with the taxpayers by applying it to some other purpose. Many authorities from other states have been cited bearing more or less remotely upon the question under discussion; but, as they arise upon statutes and Constitutions different from ours, we

prefer to put our decision upon what we deem a fair construction of our own statutes.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.