BOROUGH OF MILLERSTOWN v. J. M. BELL ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF BUTLER COUNTY.

Argued October 17, 1888—Decided January 7, 1889.

1. The general powers conferred under the borough law of April 3, 1851, P. L. 320, by § 2, par. 1. thereof, "To make such laws, ordinances, bylaws and regulations, not inconsistent with the laws of this commonwealth, as they shall deem necessary for the good order and government of the borough," must be confined to the particular subjects referred to in the twenty-five succeeding paragraphs of said section.
2. A borough ordinance requiring teamsters, owners or drivers of any team, stage, hack, carriage, wagon, or other vehicle, (except those in actual use in carrying the U. S. mail, or those used for private purposes merely,) for which they receive any compensation whatever, to take out a license and pay certain fees therefor, is unauthorized by said act of 1851, is not within the police power of the borough, and is therefore illegal and void.
3. A borough ordinance must be reasonable and for the common benefit; it must not be in restraint of trade, nor ought it to impose a burden without an apparent benefit: Commissioners etc. v. Gas Company, 12 Pa. 318.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 173 October Term 1888, Sup. Ct.; court below, No. 75 December Term 1887, C. P.

On November 10, 1887, a case was stated, in the nature of a special verdict, for the judgment of the court, wherein J. M. Bell, W. P. Turner and J. Anderson, doing business as Turner & Tadder, were plaintiffs, and the borough of Millerstown was defendant. It was admitted that the borough of Millerstown

was incorporated under the general borough law of April 3, 1851, P. L. 320, and the case stated set forth:

1. That the borough of Millerstown, plaintiff above mentioned, is duly incorporated under the laws of Pennsylvania.

2. That the council of the said borough in May, 1887, adopted and approved certain ordinances, the following being one of them:

§ 4. Teamsters, owners or drivers of any team, stage, hack, carriage, wagon, or other vehicle, (except those in actual use in carrying the U. S. mail, or those used for private purposes merely,) for which they receive any compensation whatever, within the borough, or to or from the same, shall procure from the borough clerk an annual license, signed by the burgess and countersigned by the borough treasurer, to be indorsed thereon as follows: For one horse and wagon or other vehicle, the sum of two dollars and fifty cents; for wagon or other vehicle with two or more horses, the sum of five dollars. Any person violating any of the provisions of this section shall forfeit for each and every offence the sum of not less than two nor more than five dollars, to be recovered as debts of like amount by law are now recoverable.

3. That the defendants, and each of them, are and have been engaged in the livery business as livery stable keepers in the borough of Millerstown, aforesaid, ever since the first day of September, 1887.

4. That the defendants on the 6th, 7th and 8th days of September, 1887, ran and caused to be run hacks and other vehicles for the purpose of carrying passengers for hire from the borough of Millerstown, aforesaid, to the Fair Grounds in Donegal township, without having first taken out a license under the ordinance aforesaid.

5. The defendants deny the power and anthority of the borough of Millerstown to pass and enforce such ordinance as above recited.

6. That the plaintiff and defendants have entered into an article of agreement hereto attached and marked exhibit "A" made part hereof.

If the court be of opinion, etc.

On December 5, 1887, the court, McMichael, J., filed an

opinion, citing and considering Dillon on Mun. Corp., §§ 89, 361; Robinson v. Mayor of Franklin, 1 Humph. 156 (34 Amer. D. 625); Commonwealth v. Erie etc. R. Co., 27 Pa. 339; Bennett v. Birmingham, 31 Pa. 15; Phillips v. Allen, 41 Pa. 481; Frankford etc. Ry. Co. v. Philadelphia, 58 Pa. 119; Butler's App., 73 Pa. 448; Kneedler v. Norristown, 100 Pa. 368; Warren Borough v. Geer, 117 Pa. 207; Gettysburg Borough v. Zeigler, 2 Pa. C. C. R. 326, and ruled that the corporate officers of the borough of Millerstown had no authority, expressly granted, or necessarily implied in the powers which were granted, to enact or enforce the ordinance recited in the case cited, and directed judgment to be entered for the defendants. Exception.

The plaintiff then took this writ assigning the ruling and judgment of the court as error.

*Mr. S. F. Bowser*, for the plaintiff in error:

One of the corporate powers of the borough is " To make such laws, ordinances, by-laws and regulations, not inconsistent with the laws of this commonwealth, as they shall deem necessary for the good order and government of the borough:" § 2, par. I., act of April 3, 1851, P. L. 320. This language defining the power to enact ordinances is broad, indeed. It seems practically to include whatever tends to the advantage or benefit of the borough. The courts will not interfere with the borough authorities in the exercise of this power, where the ordinance is reasonable and for the common benefit, not in restraint of trade, nor imposing a burden without apparent benefit, and not inconsistent with the state or federal constitutions.

*Mr. M. B. McBride* (with him *Mr. John M. Greer* and *Mr. Everett L. Ralston*), for the defendants in error:

It certainly cannot be contended that the act of 1851 clothed the corporate officers of the borough of Millerstown with such authority, either by express grant or by clear and necessary implication. The ordinance in question, moreover, is not and never was necessary for the peace and good order of the borough. Since the passage of the act of 1851, there have been passed the following special acts authorizing the licensing of vehicles in cities and boroughs: April 10, 1873, P. L. 704;

March 30, 1860, P. L. 363; April 13, 1870, P. L. 1130; act of February 18, 1869, P. L. 199. If, under the general law, boroughs have the authority to require the owners of hacks used to convey passengers for hire to take out a license, then this special legislation was entirely unnecessary. The passage of these statutes is a strong interpretation that the old law granted no such powers.

OPINION, MR. JUSTICE PAXSON:

This case involves the validity of an ordinance of the borough of Millerstown, requiring the owners or drivers of any team, stage, hack, carriage, or other vehicle (except those in actual use in carrying the United States mail or those used for private purposes merely) for which they receive any compensation whatever, to take out an annual license, and to pay therefor the sum of $2.50 for one-horse vehicles, and $5 for vehicles with two or more horses. The ordinance applies alike to all such owners within the borough, and to those outside thereof, whose vehicles are used to and from the said borough.

The ordinance in question is not authorized by the express language of the borough law of 1851, nor by any other act of assembly. It was urged, however, that it is authorized by the second section of the act of 1851, which provides that such corporations shall have power " To make such laws, ordinances, by-laws, and regulations not inconsistent with the laws of this commonwealth, as they shall deem necessary for the good order and government of the borough." This section is followed by twenty-five other sections specifying minutely the subjects which the borough may regulate by ordinance. If the ordinance in question related to any one of these subjects there would be no question about its validity, provided the ordinance itself is reasonable. And we are of the opinion that the general powers referred to in the first section must be confined to the particular subjects referred to in succeeding sections. There is no analogy between this ordinance and one requiring coal, hay, or produce to be inspected or weighed, for this is expressly authorized by the act of 1851; nor with an ordinance requiring a telegraph company to pay a fixed sum for each of its poles, for this fairly comes within the police power over the streets, given by the same act.

How can this ordinance be said to be an exercise of the police power? It is a tax upon vehicles. An owner of a hack, living twenty miles away, must pay this tax on his vehicle before it can enter the borough limits. It is in restraint of trade. An ordinance must be reasonable, and for the common benefit; it must not be in restraint of trade, nor ought it to impose a burden without an apparent benefit: The Commissioners of Northern Liberties v. The Northern Liberties Gas Company, 12 Pa. 318; Village of Buffalo v. Webster, 10 Wend. 95; The Mayor of Hudson v. Thorne, 7 Paige 261; Stokes v. City of New York, 14 Wend. 87.

Since the act of 1851 the legislature has passed a number of acts authorizing particular boroughs to license vehicles. This shows at least that the legislative department of the government did not regard the act of 1851 as conferring such power.

This ordinance cannot stand.

Judgment affirmed

Argued October 17, 1888—Decided January 7, 1889.