# Mountain Water Company *v.* Emaus Borough, Appellant.

*Corporations—Water companies—Boroughs—Municipal consent to use of streets—Equity—Jurisdiction.*

1. The right of a private corporation to break up the public highways of a municipality in the exercise of a franchise conferred upon them by an act of assembly is necessarily subject to the reasonable municipal regulations of the district, enacted for the common good of all its inhabitants, unless specially excluded by the act conferring the right. Such a right is not limited to the control of the mere surface; it extends to the soil beneath to whatever extent it may be required in aid of such purposes as fall within the municipal function in connection with the health and safety of the public.

2. Where a water company is incorporated to supply water to a township, and thereafter a portion of the township is annexed to a borough, a borough ordinance relating to the extension of the works of the water company is unreasonable and void which provides "that no rights and privileges be granted to said water company to lay pipes and fixtures on any streets, lanes, or alleys in said territory until the same are regularly adopted, located and opened by ordinances and graded to the required grade under the rules and regulations of the borough."

3. Such an ordinance would be not a regulation, but a prohibition for an indefinite period, in the case of a township road within the territory which became a borough street when the territory was annexed, and also in case of streets laid out by ordinance, but not opened.

4. Equity has jurisdiction to restrain a borough from enforcing an unreasonable and prohibitory ordinance relating to the use of its streets by a water company.

5. Where a bill in equity has been filed against a borough by a water company to restrain the enforcement of an alleged illegal ordinance,

and the borough has made no objection to the jurisdiction in the court below, it can make no such objection on appeal.

Argued Dec. 7, 1909. Appeal, No. 28, Oct. T., 1909, by defendants, from decree of C. P. Lehigh Co., Sept. T., 1908, No. 2, In Equity on bill in equity in case of The Mountain Water Company v. Emaus Borough, Harvey T., Wickert, Burgess et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction. Before TREXLER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding injunction.

*Milton C. Henninger*, for appellants.—Equity had no jurisdiction: Kneedler v. Norristown, 100 Pa. 368; Borough of Millertown v. Bell, 123 Pa. 151; Borough of Gettysburg v. Zeigler, 2 Pa. C. C. Rep. 326; Borough of Philipsburg v. Central Penna. Tel., etc., Co., 22 W. N. C. 572; Conshohocken v. Fennel, 4 Montg. 25; Frederick Street, 11 Pa. C. C. Rep. 114; Iowa Street, 12 Pa. C. C. Rep. 611.

Upon the merits of the case the judgment of the court cannot be sustained: Northern Liberties v. Gas Co., 12 Pa. 318; Water Co. v. Burgess of Darby, 199 Pa. 400; Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355; O'Maley v. Freeport Boro., 96 Pa. 24; Fisher v. Harrisburg, 2 Grant, 291.

*Claude T. Reno*, with him *Richard W. Iobst*, for appellee.—Equity had jurisdiction: Hill v. Commissioners of Kensington, 1 Parson's Select Eq. Cases, 501; Washington Boro. v. Steiner, 25 Pa. Superior Ct. 392; Petersburg v. Noss, 52 Pa. 448; Com. v. Beaver Boro., 171 Pa. 542; Com. v. Connellsville Boro., 201 Pa. 154; Mahon v. Norton, 175 Pa. 279; Delaware County's App., 119 Pa.

159; Pennsylvania R. R. Co. v. Philadelphia County, 16 Pa. Dist. Rep. 723.

The equity courts have qualified the rule so that objection to the jurisdiction of equity on the ground that proceedings should have been instituted on the law side of the court, will not be entertained, unless made within reasonable time after bill filed: Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589; Margage & Green Co. v. Ziegler, 9 Pa. Superior Ct. 438; Gwinn v. Lee, 6 Pa. Superior Ct. 646; Sunbury, etc., R. R. Co. v. Cooper, 33 Pa. 278; Adams' App., 113 Pa. 449; Evans v. Goodwin, 132 Pa. 136.

The ordinance was unreasonable: Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318; Kneedler v. Norristown, 100 Pa. 368; Scranton Gas, etc., Co. v. Scranton, 214 Pa. 586; Springfield Twp. v. Water Co., 29 Pa. C. C. Rep. 614; Lansdowne v. Springfield Water Co., 16 Pa. Superior Ct. 490; Kittanning v. Gas Co., 26 Pa. Superior Ct. 355; Edgewood v. Scott, 29 Pa. Superior Ct. 156; Pittsburg v. Gas Co., 34 Pa. Superior Ct. 374; Edgett v. Douglass, 144 Pa. 95; Fidelity Title, etc., Co. v. Weitzel, 152 Pa. 498; Drake v. Lacoe, 157 Pa. 17; Shillito v. Shillito, 160 Pa. 167; Bank v. Loeffert, 184 Pa. 164; Williams v. Church, 193 Pa. 120; Reading v. Gas Co., 2 Delaware Co. R. 437; Phila. Steam Supply Co. v. Phila., 17 Phila. 110; Forty Fort Boro. v. Water Co., 9 Kulp, 241; Beaver Valley Water Co. v. Conway, 213 Pa. 225.

OPINION BY RICE, P. J., July 20, 1910:

The plaintiff is a water company incorporated in May, 1891, under the act of 1874 and its supplements, and authorized by its charter to supply water in the township of Upper Milford to the public and to persons, partnerships and associations residing therein and adjacent thereto. In September, 1903, by ordinance duly enacted a portion of the township of Upper Milford, including part of the district wherein the plaintiff exercises its privileges, was annexed to the borough of Emaus.

In June, 1908, the borough adopted an ordinance entitled: "An ordinance relating to the extension of the works of the Mountain Water Company restricting and regulating the laying of pipes and fixtures, and providing rules and conditions and penalties for violation of the same." By the first section of the ordinance the rights and privileges of the company were restricted to that portion of the territory within the limits of the borough that was annexed to the borough in 1903. By sec. 2 it was ordained as follows: "That no rights and privileges be granted the said Mountain Water Company to lay pipes and fixtures on any streets, lanes or alleys in said territory until the same are regularly adopted, located and opened by ordinances and graded to the required grade under the rules and regulations of the borough." Section 7 provides penalties for the neglect or refusal of the company to comply with the provisions, restrictions, rules or regulations of the ordinance, and, while sec. 2 is awkwardly worded, it doubtless was intended as a restriction the violation of which would be punishable under sec. 7. By the decree appealed from this section is declared null and void and the borough is enjoined from enforcing it.

It is not contended that the right of the water company to occupy the highways of the district wherein it is authorized to exercise its powers is dependent upon the consent of the municipal authorities, which they in their discretion may give or refuse. But it is contended that the borough has authority to adopt reasonable regulations as to the manner of exercising those powers. The thought is expressed in the Act of May 16, 1889, P. L. 226, in these words: "Subject to such regulations in regard to streets, roads, lanes and other highways and impairing the free use thereof as little as possible, and subject to such regulations as the councils of said borough, town, city or district may adopt in regard to grades or for the protection and convenience of public travel over the same." And the general principle has been thus stated: "The right of a private corporation to break up the public highways of a municipality in the exercise of a franchise conferred upon them by an act of assembly is necessarily subject to the reasonable municipal

regulations of the district, enacted for the common good of all its inhabitants, unless specially excluded by the act conferring the right:" Commissioners of Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318; Frankford & Phila. Passenger Railway Co. v. Phila., 58 Pa. 119; Phila. Steam Supply Co. v. Phila., 15 W. N. C. 57; Lansdowne v. Springfield Water Co., 16 Pa. Superior Ct. 490; Pittsburg v. Consolidated Gas Co. of Pittsburg, 34 Pa. Superior Ct. 374. See, also, Scranton Gas & Water Co. v. Scranton, 214 Pa. 586, wherein Justice STEWART, who delivered the opinion of the court, uses this expressive language: "Calling the legislative grant of privilege to use the streets a contract does not avoid the conditions on which the privilege is to be exercised. Whether such limitation or conditions be expressed in the grant or not is immaterial, for, as said in Butchers' Union Slaughter House, etc., Co. v. Crescent City Live Stock Landing, etc., Co., 111 U. S. 746, the power to control and regulate the streets so as to protect the public health, is one that cannot be bargained away by legislative or municipal grant. The power to control them for the protection of public safety, if not the same, stands on equally high ground. All authorities agree that such right is both paramount and inalienable. Nor is the right limited to the control of the mere surface; it extends to the soil beneath, to whatever extent it may be required in aid of such purposes as fall within the municipal function, in connection with the health and safety of the public: Water Commissioners of Jersey City v. Hudson City, 13 N. J. Eq. 420." The question then arises, whether the section of the ordinance under consideration is a reasonable municipal regulation, or is a virtual prohibition, for an indefinite period, of the right of the company to exercise its franchises within certain portions of the territory described in its charter. The learned counsel for the appellant seeks to put a construction upon the section which would relieve it of some of the objections to its reasonableness, set forth in the opinion of the learned judge below and in the argument of the appellee's counsel. By his construction the ordinance would not apply to a highway laid out but not opened. Up to the period of opening, he says, the section does not interfere with

the company in the occupation of any territory with its pipes and fixtures, "but after a street, lane or alley has been located or adopted followed by the opening of the same by the borough, then before pipes and fixtures are laid by the water company it must also be graded to the required grade under the rules and regulations of the borough." While this construction, as we have suggested, would relieve the section from some of the objections against it, it would not relieve it from all of them. By this construction the grade of the highway must be fixed by ordinance and the highway must be graded in accordance with the established grade before the company can use that highway for its purposes. This is a virtual prohibition of the use of ungraded streets by the company until at some indefinite time in the future the borough decides to grade them. We can readily understand the reasonableness of a regulation that would prevent the company from interfering with the grading of a street actually being carried on; but this is not the meaning of the section. The borough may never decide to grade a particular street. That is a matter left to its discretion, and we can see no reasonableness in a prohibition of the use of such street for the purpose of laying water pipes until the borough in the exercise of its discretion shall decide to grade it. Nor is such regulation necessary, for it was clearly decided in Scranton Gas & Water Co. v. Scranton, 214 Pa. 586, that even if the municipality should prescribe a grade after the water company had placed pipes in the street, the company would at its own expense be compelled to change its pipes if the changed grade required it. But we are unable to adopt the construction which the learned counsel puts upon the ordinance. Apparently, if there were a township road within the territory, which became a borough street when the territory was annexed, the company would not be permitted to lay its pipes in such highway. So, also, if a street be laid out by ordinance, but not opened, the company would be prevented from laying its pipes in that street, even with the consent of the owners of the property. This is not regulation, but prohibition for an indefinite period. It goes far beyond what is reasonably necessary for the accomplishment of any legitimate municipal object, and

unless its plain terms be restricted by unwarranted judicial construction its enforcement must operate in derogation of the rights of the water company and oppressively upon many individuals desiring the company to supply them with water. And this is equally true even if we adopt the construction of the section which the appellants' counsel asks us to do. An ordinance must be reasonable and not oppressive; it must not impose a burden without an apparent benefit: Commissioners of Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318; Borough of Millerstown v. Bell, 123 Pa. 151. Applying these principles to the section of the ordinance in question, we concur with the learned court below in its conclusion that the section is unreasonable.

But it is urged that a court of equity does not have jurisdiction to give the relief prayed for. The precedents are numerous where equity has enjoined the enforcement of illegal ordinances, and it is difficult to see why, unless a plainly adequate remedy at law is available, a court, whose jurisdiction extends to the prevention or restraining of the commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals, should not exercise this power in restraint of illegal acts of municipal bodies as well as of individuals. "Nothing can be more clear, than that there is a class of cases where this court can hold a municipal corporation responsible for their acts, when exercising jurisdiction in equity, if a proper case is presented, and will grant an injunction to restrain them, as they would an individual:" Hill v. Commissioners of Kensington, 1 Pars. Select Equity Cases, 501. The ordinance in question is directed exclusively against the plaintiff company. If the company undertakes to exercise its franchises in spite of the invalid section of the ordinance, it and its officers and employees may be subjected to numerous prosecutions for the penalty prescribed by sec. 7, and greatly harassed thereby. There is every reason for sustaining the jurisdiction of the equity court, and we think it is sustained by precedent and authority; but even if it were doubtful, the case belongs to a class wherein it has been held that the objection should have been made early in the

proceedings, as the authorities cited in the opinion of the learned judge below and in the brief of appellee's counsel abundantly show. See particularly, Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589.

The decree is affirmed at the costs of the appellants.