## Commonwealth v. Jones.

*Boroughs—Ordinances—Penalty for keeping gambling-house—Jurisdiction of Quarter Sessions.*

1. Boroughs are creatures of statutory law and can exercise no powers except those conferred by statute.

2. Neither the General Borough Act of May 14, 1915, P. L. 312, nor its supplements and amendments confer on boroughs the power to enact ordinances prohibiting the establishing and maintenance of gambling-houses, and providing a penalty for violating the same.

3. Under the Act of March 31, 1860, P. L. 427, the Court of Quarter Sessions has exclusive jurisdiction over the offence referred to in such ordinance.

Appeal from summary conviction. Q. S. Westmoreland Co., Aug. T., 1924, No. 399.

*Nevin A. Cort*, District Attorney, for Commonwealth.

*John J. Kennedy* and *Harry E. Cope*, for defendant.

WHITTEN, J., Sept. 4, 1924.—After a hearing before the burgess of the Borough of Scottdale, Fred Jones, the defendant, was adjudged guilty of violating

an ordinance of said borough and sentenced to pay a fine of $10, and in default of payment, to be imprisoned four days in the jail of said borough. The defendant obtained leave to appeal from said judgment. The ordinance in question provides as follows: "Section 1. That if any person shall set up or establish, or cause to be set up or established, in any house, room, outhouse, tent, booth, arbor or other place whatsoever, any game or device of address or hazard with cards, dice, tickets, wheel of fortune or any other instrument, article or thing whatsoever at which money or other valuable thing may or shall be played for or staked or betted upon, the person or persons so offending . . . shall be guilty of a misdemeanor and, upon conviction, be sentenced to pay a fine of not more than $200 and not less than $10."

The portion of the ordinance above quoted is identical with certain language contained in section 55 of the Act of March 31, 1860, P. L. 397, excepting that the said statute provides that "the person so offending . . . shall be guilty of a misdemeanor and, on conviction, be sentenced to pay a fine not exceeding $500 and undergo an imprisonment not exceeding one year."

In the instant case the defendant was "found guilty of gambling." The offence defined in the ordinance is not "gambling," but "establishing and maintaining a house" or other convenient shelter wherein games of hazard are carried on. The evidence tends to show that the defendant played a game of hazard—not that he maintained a gambling-house. For this reason the appeal must be sustained.

However, both the attorney for the Commonwealth and the attorney for the defendant requested the court to decide whether a borough has authority to enact such an ordinance, and whether the burgess thereof has jurisdiction to impose the penalty therein provided.

Neither the General Borough Act of May 14, 1915, P. L. 312, nor its supplements and amendments expressly or impliedly empower a borough to enact or to enforce such an ordinance.

The general powers conferred upon boroughs by the General Borough Act are confined to the particular subjects therein specified: Millerstown Borough *v.* Bell, 123 Pa. 151.

In Lesley *v.* Kite, 192 Pa. 268, the court says (page 274): "Nothing is better settled than that a municipal corporation does not possess and cannot exercise any other than the following powers: (1) Those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. Any fair, reasonable doubt as to the exercise of power is resolved by the courts against its existence in a corporation, and, therefore, denied."

"Neither the borough nor its council have any powers, except such as are expressly conferred or are to be implied from those which are conferred:" Com. *v.* Reid et al., 265 Pa. 328.

Boroughs and other municipal corporations are creatures of statutory law and can exercise no powers except those conferred by statute: Com. *v.* Moir, 199 Pa. 534.

As above stated, section 55 of the Criminal Code of 1860 makes the maintenance of a gambling-house a "misdemeanor," punishable by fine and imprisonment.

The Act of March 31, 1860, § 32, P. L. 427, 438, provides: "Section 32. The Courts of Quarter Sessions of the Peace shall have jurisdiction and power within the respective county: (1) To inquire, by the oaths or affirmations of good and lawful men of the county, of all crimes, misdemeanors and offences

whatsoever against the laws of this Commonwealth, which shall be triable in the respective counties. (2) To inquire of, hear, determine and punish, in due form of law, all such crimes, misdemeanors and offences whereof exclusive jurisdiction is not given as aforesaid to the Courts of Oyer and Terminer of such county. . . . (5) The Courts of Quarter Sessions shall also have jurisdiction in case of fines, penalties or punishments imposed by any act of assembly for offences, misdemeanors or delinquencies, except where it shall be otherwise expressly provided and enacted."

"Both at common law and under the Act of March 21, 1806, 4 Sm. Laws, 326, where the statute creates a right or liability or imposes a duty and prescribes a particular remedy for its enforcement, such remedy is exclusive and must be strictly followed:" Curran v. Delano, 235 Pa. 478.

For a further discussion of the authority of a borough to define and punish misdemeanors, see New Kensington Borough v. Davis, 11 Westmoreland L. J. 83.

Our conclusion is that the Borough of Scottdale had no authority to enact or enforce the ordinance upon which the conviction of the defendant was based, but that the Court of Quarter Sessions of Westmoreland County has exclusive jurisdiction "to inquire, by the oaths or affirmations of good and lawful men of the county," concerning the commission of the "misdemeanor" defined in the said act of assembly, to wit, the maintenance of a gambling-house. It follows that the appeal must be sustained.

### Decree.

And now, Sept. 4, 1924, it is ordered, adjudged and decreed that the defendant be discharged and the complaint dismissed, at the costs of the Borough of Scottdale.                    From William S. Rial, Greensburg, Pa.